Herbert Leon **GUNDLACH**, Appellant,

v.

**UNITED STATES** of America,
Appellee.

No. 7715.

United States Court of Appeals
Fourth Circuit.

Argued Nov. 3, 1958.

Decided Dec. 11, 1958.

Judson E. Ruch, York, Pa. (Luria, Still & Ruch, York, Pa., on brief), for appellant.

John E. Hall, Asst. U. S. Atty., Greensboro, N. C. (James E. Holshouser, U. S. Atty., Boone, N. C., on brief), for appellee.

Before SOBELOFF, Chief Judge, and SOPER and HAYNSWORTH, Circuit Judges.

SOBELOFF, Chief Judge.

The sentencing court's procedure in accepting the defendant's plea of guilty was later attacked in a motion filed under Section 2255 of Title 28 U.S.C.A., to vacate the judgment and sentence. This appeal is from the denial of the motion.

On June 10, 1957, Herbert Leon Gundlach pleaded guilty to an indictment charging him with willful failure to pay over to the Director of Internal Revenue moneys withheld by him from his employees' wages under the Federal Insurance Contributions Act (Social Security), and also federal income taxes withheld from employees, Title 26 U.S.C.A. § 7202, Internal Revenue Code of 1954.

On the same day he pleaded guilty to an information charging him with willfully and knowing.y failing to file his own income tax return for the year 1953, in violation of 26 U.S.C.A. § 145(a), Internal Revenue Code of 1939, and for the year 1954 in violation of 26 U.S.C.A. § 7203, Internal Revenue Code of 1954.

Sentence was postponed at the defendant's request until August 22, 1957. Under the indictment a sentence of nine years in prison was pronounced by the United States District Court for the Middle District of North Carolina. A separate sentence of twelve months' imprisonment was imposed under the information, but the court directed that this sentence should run concurrently with the longer one.

The motion now under review was filed on March 7, 1958. It claimed that Gundlach was deprived of due process of law. In the words of his counsel, the arraignment "did not consist of reading the indictment or stating to appellant the substance of the charge, in total disregard of Federal Rule of Criminal Procedure 10, 18 U.S.C.A.; and because the court, when appellant's plea of guilty was entered by his totally uninformed counsel, accepted the plea without first determining whether it was made voluntarily and with understanding of the nature of the charges, in total disregard of Federal Rule of Criminal Procedure 11." The two rules referred to are set forth in the margin.[1]

The District Court ordered a hearing on the motion, in the course of which Gundlach was brought from prison and testified. Other witnesses also were heard, and the judge made elaborate findings, which are fully supported by the record. In substance he found that the arraignment date was first set for June 3, 1957, and Gundlach had earlier been furnished copies of the indictment and of the information. After first consulting another attorney, he employed Roy Booth, Esq., to represent him. Mr. Booth and Gundlach discussed the charges contained in the indictment and information in the defendant's possession; the defendant was thoroughly familiar with and understood the charges, and it was their joint conclusion that Gundlach should plead guilty. According to Mr. Booth's testimony, he made a pencil memorandum to this effect on the copies

1. "Rule 10. *Arraignment*

"Arraignment shall be conducted in open court and shall consist of reading the indictment or information to the defendant or stating to him the substance of the charge and calling on him to plead thereto. He shall be given a copy of the indictment or information before he is called upon to plead."

"Rule 11. *Pleas*

"A defendant may plead not guilty, guilty or, with the consent of the court, nolo contendere. The court may refuse to accept a plea of guilty, and shall not accept the plea without first determining that the plea is made voluntarily with understanding of the nature of the charge. If a defendant refuses to plead or if the court refuses to accept a plea of guilty or if a defendant corporation fails to appear, the court shall enter a plea of not guilty."

of the indictment and information supplied him by the defendant.

Because Mr. Booth wished to attend his daughter's graduation on June 3, the arraignment scheduled for that day was postponed to June 10; but on the latter date Mr. Booth was unable to appear in court because of his father's death. In his stead, an associate, Claude Hitchen Josey, Esq., came with the defendant to offer the guilty pleas as earlier decided after careful deliberation in the defendant's conference with Mr. Booth. As Mr. Josey was merely performing an act already planned, and as it was known that final disposition of the case by sentence would not be made that day, no independent inquiry was made by Josey concerning the details of the case. Guilty pleas were entered, but sentence was postponed as desired by the defendant, to afford him an opportunity to pay the taxes due the Government and in the hope that this would be considered by the court in mitigation. The Commissioner of Internal Revenue determined that the defendant's liability for taxes withheld, including penalties and interest, amounted to $4395.45, and that taxes due on Gundlach's own income amounted to $11,904.07. No part of these sums has been paid.

It is literally true that when the defendant's case was called on June 10, the indictment was not read or explained to him by the United States Attorney or the court; but it was established beyond a shadow of doubt, in the proceeding now under review, that when he pleaded guilty the defendant had actual knowledge of the contents of the information and indictment. He is a man of better than average intelligence and education, and although he is not a lawyer he has studied law. He conducted a correspondence school in Greensboro, North Carolina, for persons preparing to take civil service examinations, and also operated a collection agency. In the correspondence school enterprise, he employed thirty-seven salesmen and thirty office employees. The defendant has also had considerable court experience. He has

been convicted for theft of government property and received a suspended sentence of five years. On a later occasion, having stolen an automobile, he was sentenced to ten months' imprisonment for violation of parole. For obtaining money by false pretenses and grand larceny he was sentenced to state prison for five years. There have been other brushes with the law, particularly for passing worthless checks. It was stated and not denied at the pre-sentence hearing that he had posted bond at least twenty times on such charges.

The judge made specific findings, which our examination of the record confirms, that the defendant knew that he had been deducting sums from his employees' wages; that he knew it was his duty to turn these sums over to the Director of Internal Revenue; and that he knowingly, deliberately and willfully failed to pay them over. Similar knowledge and willfulness were shown to exist as to the defendant's own income taxes.

As we have seen, the appellant was himself a highly sophisticated person of considerable experience in business and not unacquainted with criminal procedure and, in addition, was at every stage of the prosecution represented by privately employed counsel. Nevertheless, it was contended in his behalf at the hearing on the motion to set aside the judgment and sentence that he did not understand the significance of the word "willful" in the indictment and in the information. He asserts that if the significance of the word "willful" had been explained to him, he would not have pleaded guilty. The events and circumstances above recited refute the contention. At no time has the appellant suggested any fact that would reasonably justify a defense on the ground that his acts were not willful. It has been argued to us that Gundlach should have been permitted to show, if he so desired, that he retained the moneys because of illness in the family. If true, this would have made his conduct no less willful. He did not urge this in mitigation, and sought only a delay for restitution, which was

never made. Quite palpably the notion that the retention of the money was less than willful, or even that necessity drove him to it, is mere afterthought. In no event does it raise a question of lack of due process. Nor is this a case calling for relief under Rule 32(d),[2] as counsel urges, because there is no "manifest injustice."

Upon an ample basis the court also made a finding rejecting the defendant's further unsupported assertion that he had been promised, as an inducement to entering the pleas, that he would be placed on probation or that, at the worst, he would receive a sentence not exceeding one year. The court found that no such assurance was given by anyone. The three lawyers who participated at various times in the defendant's behalf are reputable members of the bar, and the court accepted their denials of the defendant's version of what occurred. The Assistant United States Attorney who prosecuted the case also testified that it was his policy to make no recommendations as to sentence; that he made none in this instance, and that he offered no inducement to the defendant or to his lawyers to obtain pleas of guilty.

■■ Although one of the grounds for the defendant's motion is that on June 10 the judge did not make sufficient inquiry to satisfy himself of the voluntariness of the pleas, the defendant also complains that before sentence was pronounced, the judge was told too much. The defendant advances the argument that he suffered prejudice by reason of the fact that in the pre-sentence hearing, the court was advised of the details of the defendant's arrest in the interval between arraignment and sentence. He was accused of violating the White Slave Traffic Act, 18 U.S.C.A. § 2421 et seq.

Before August 22 Gundlach and his lawyer, Booth, had some discord over the payment of the balance of the agreed fee, and Booth had retired from the case[3] and J. O. Lindley, Esq., was employed to represent the defendant at the presentence hearing. He accuses Mr. Lindley, his third lawyer, of unauthorizedly consenting to the disclosure of the Mann Act offense.

It is not beyond the limits of proper judicial inquiry for a court to consider the conduct of the defendant while on bail awaiting sentence. It may be pertinent in measuring out the penalty. Parker v. United States, 4 Cir., 1957, 248 F.2d 803. The court found as a fact, however, that in this instance, the defendant had actually sought the disclosure, preferring this to an indictment on the new charge. According to the testimony adduced in connection with the Section 2255 motion, the defendant, knowing the practice of the United States Parole Board, feared that a pending indictment against him would be a handicap in any future application for parole. The District Judge has declared, moreover, that in passing sentence, he did not take into consideration the White Slave accusation, because the woman involved was a prostitute and he thought that the long record of the defendant as a swindler was more relevant to the case at hand.

It is noteworthy that although the appellant had a number of conferences with Mr. Lindley in which the charges were reviewed in detail, he did not protest his innocence or assert anything that could conceivably support a defense. His only desire was a further postponement of sentence.

Whatever may be said of the proceedings on June 10, it is clear that before the court passed sentence on August 22, 1957, there was a full exposition in open

2. "Rule 32(d). *Withdrawal of Plea of Guilty*

"A motion to withdraw a plea of guilty or of nolo contendere may be made only before sentence is imposed or imposition of sentence is suspended; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his plea."

3. It is significant that the quarrel with Mr. Booth concerned this, and not the lawyer's handling of the case.

court of the defendant's knowledge of the charges, and the voluntariness of the pleas was manifest. On that occasion, Mr. Lindley spoke for the defendant. The judge says that Mr. Lindley made a plea for leniency and, at its conclusion, offered to have the defendant answer any questions. He was asked none, but if the defendant had anything to add, he did not avail himself of the opportunity, nor has he indicated even in support of his motion to vacate sentence that there was anything further to be said.

We need not go as far as did the court in the recent case of Edwards v. United States, 1958, 103 U.S.App.D.C. 152, 256 F.2d 707, where Rule 11 was not complied with and a motion made pursuant to Section 2255 was dismissed without a hearing. Over a vigorous dissent, the majority on appeal refused to remand the case for a hearing. In the instant case, the District Judge held a thorough hearing in which it was abundantly proved that the defendant's plea was made with knowledge and volition. This hearing supplied the certainty which Rule 11 is intended to assure, and no lingering suspicion of unfairness or denial of due process remains. We have discovered no case in which judgment and sentence were voided after such a hearing and findings as we have here.

■■ This is not to say, however, that we approve anything less than full compliance with Rules 10 and 11. These rules are designed not only to safeguard important rights of defendants, but their observance serves also to protect proper administration of the criminal law. When the trial judge fully complies with these rules and is careful to have the record plainly show that this has been done, it may go far to foreclose irresponsible challenges in the future and the necessity for a hearing under Section 2255 at a time when the facts surrounding the arraignment, plea and sentence may not be as fresh and readily available as they were in this instance. Even the presence of counsel in a criminal case does not relieve the judge of his serious obligation under the rules, although this

is a circumstance which may fairly be taken into account in determining the nature and extent of the inquiry to be made. It has been well said that the rules do not require a particular ritual, United States v. Davis, 7 Cir., 1954, 212 F.2d 264, but an alert and adequate inquiry must be made to satisfy the judge that the plea is understandingly and voluntarily made. United States v. Swaggerty, 7 Cir., 1955, 218 F.2d 875.

Affirmed.