**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**John H. DIGGS, Defendant-Appellant.**

**No. 14901.**

United States Court of Appeals
Sixth Circuit.

June 29, 1962.

Thomas H. Crush (court-appointed), Nichols, Wood, Marx & Ginter, Cincinnati, Ohio, for appellant.

Paul J. Komives, Asst. U. S. Atty., Detroit, Mich. (Lawrence Gubow, U. S. Atty., Paul J. Komives, Asst. U. S. Atty., Detroit, Mich., on the brief), for appellee.

Before MILLER, Chief Judge, and CECIL and O'SULLIVAN, Circuit Judges.

PER CURIAM.

Appellant and a codefendant, Raymond Potts, were indicted for the receipt and concealment of heroin after unlawful importation thereof, in violation of the provisions of Section 174, Title 21 United State Code Annotated. Section 174 provides for imprisonment of not less than five or more than twenty years for the first violation and for imprisonment of not less than ten or more than forty years for a second or subsequent offense as determined under Section 7237 (c) of the Internal Revenue Code of 1954, 26 U.S.C. § 7237(c). Appellant was represented by counsel. Following pleas of guilty, the Government filed an

information setting forth a prior federal narcotic conviction on the part of appellant Diggs. The District Judge imposed a sentence of ten years on both defendants. Subsequently, on a showing by defendant Potts that the record was silent as to any previous conviction on his part, the sentence imposed upon Potts was reduced to five years.

 Appellant, proceeding under Rule 35, Rules of Criminal Procedure, 18 U.S.C., and Section 2255, Title 28 United States Code, moved in the District Court for a correction of the judgment on the grounds that there was a disparity of justice resulting from the unequal sentences received by him and his codefendant Potts, and that the increased penalty resulting from a prior conviction was in contravention of his constitutional guarantee against ex post facto legislation. The motion was denied.

We are of the opinion that the District Judge properly denied the motion upon the grounds urged upon him. Gryger v. Burke, 334 U.S. 728, 732, 68 S.Ct. 1256, 92 L.Ed. 1683; Pettway v. United States, 216 F.2d 106, C.A.6th; Oliver v. United States, 290 F.2d 255, C.A.8th, cert. denied, 368 U.S. 850, 82 S.Ct. 83, 7 L.Ed. 2d 48. The ten-year sentence was authorized under Section 174, even in the case of a first offender.

 Newly court-appointed counsel on this appeal makes the contention in this Court that appellant's plea of guilty was not a valid plea in that the provisions of Rule 11, Rules of Criminal Procedure, were not complied with at the time the plea was entered. Rule 11 provides in part, "The court may refuse to accept a plea of guilty, and shall not accept the plea without first determining that the plea is made voluntarily with understanding of the nature of the charge." It is contended on behalf of appellant that he did not understand the nature of the charge and that he did not know that under the provisions of Section 7237(d) of the Internal Revenue Act of 1954 he would not be eligible for probation or parole if a plea of guilty

was entered. This contention was not urged upon the District Judge, and consequently no finding was made by him with respect thereto. For that reason the question is not before us for review at this time. Johnston v. United States, 254 F.2d 239, 241, C.A.8th; Smith v. United States, 287 F.2d 270, 273, C.A.9th; Lampe v. United States, 110 U.S.App. D.C. 69, 288 F.2d 881.

 However, appellant's contention does not appear to be a frivolous one. Although appellant was represented by an attorney when he entered his plea of guilty, there is authority to the effect that a District Judge is not relieved of the duty which is imposed upon him by Rule 11 solely because the defendant is represented by counsel of his own choice. United States v. Davis, 212 F.2d 264, 266, C.A.7th; Gundlach v. United States, 262 F.2d 72, 76, C.A.4th, cert. denied, 360 U. S. 904, 79 S.Ct. 1283, 3 L.Ed.2d 1255; Reed v. United States, 291 F.2d 856, 858, C.A.4th. See: Howard v. United States, 186 F.2d 778, 780, C.A.6th. The presence of counsel in a criminal case is a circumstance which may fairly be taken into account in determining the nature and extent of the inquiry to be made, but it does not by itself fulfill the requirements of Rule 11 in accepting a plea of guilty. Gundlach v. United States, supra, 262 F.2d 72, 76, C.A.4th, cert. denied, 360 U.S. 904, 79 S.Ct. 1283, 3 L.Ed.2d 1255. The transcript of the arraignment discloses that very little was asked of the appellant in accepting his plea and in our opinion is sufficient to raise the factual issue of whether appellant entered his plea with "understanding of the nature of the charge," as required by Rule 11. See: Von Moltke v. Gillies, 332 U.S. 708, 724, 68 S.Ct. 316, 92 L.Ed. 309. We express no view on that issue, but believe it is an issue which should be developed and determined by a hearing in the District Court.

 If the judgment of the District Court is affirmed on the ground that the issue is not before us on this appeal, appellant could raise the question in a new proceeding. Dunn v. United States, 245

F.2d 407, C.A.6th; Andrews v. United States, 286 F.2d 829, C.A.5th. See: Price v. Johnston, 334 U.S. 266, 289–294, 68 S.Ct. 1049, 92 L.Ed. 1356; Dunn v. United States, 234 F.2d 219, 221, C.A. 6th. We believe it will be a better disposition of the matter to remand the present action to the District Court for a hearing and determination of this issue.

The judgment of the District Court is vacated and the action remanded to the District Court for a hearing on the issue of compliance by the District Judge with provisions of Rule 11, Rules of Criminal Procedure, in accepting appellant's plea of guilty, with findings of fact and conclusions of law being made with respect thereto.