Anthony Joseph **MUNICH**, Appellant,

v.

**UNITED STATES** of America, Appellee.

No. 18693.

United States Court of Appeals Ninth Circuit.

Oct. 9, 1964.

S. Carter McMorris, Sacramento, Cal., for appellant.

Cecil F. Poole, U. S. Atty., Rothwell B. Mason, Jerrold M. Ladar, Asst. U. S. Attys., for appellee.

Before MADDEN, Judge of the Court of Claims, and HAMLEY and JERTBERG, Circuit Judges.

HAMLEY, Circuit Judge.

Anthony J. Munich, proceeding under 28 U.S.C. § 2255 (1958), moved in the district court to vacate a sentence imposed upon him following his conviction of a federal offense. The motion was denied, after hearing, and Munich appeals. We have heretofore denied the motion of the United States to dismiss the appeal as untimely. Munich v. United States, 9 Cir., 330 F.2d 774.

On December 28, 1960, Munich, being represented by retained counsel, pleaded not guilty to all counts of an eight-count indictment charging violations of section 2(c) of the Narcotic Drugs Import and Export Act, as amended, 70 Stat. 570, 21 U.S.C. § 174 (1958). Counts 1, 3, 5 and 7 charged unlawful concealment or facilitating the concealment of specified amounts of heroin on November 16, 21, 22 and 23, 1960, respectively. Counts 2, 4, 6 and 8 charged, respectively, sale or facilitating the sale of the same heroin on the same dates.

On January 26, 1961, five days before the case was scheduled for trial by jury, Munich, represented by retained counsel, withdrew his plea of not guilty to count 1 and entered a plea of guilty to that count.

On February 16, 1961, Munich being in court with his retained counsel, the United States Attorney filed an informa-

tion setting forth a prior conviction of Munich on December 2, 1939, for a violation of the same narcotics law. This was in accordance with the procedure provided for in section 7237(c) of the Internal Revenue Code of 1954, as amended, 26 U.S.C. § 7237(c).

Munich acknowledged his prior conviction. Such acknowledgment called for application of the provision of 21 U.S.C. § 174 requiring the imposition of a sentence of not less than ten or more than forty years, the court also having authority to impose a fine of not more than twenty thousand dollars. The court thereupon imposed upon Munich a sentence of twenty years, and dismissed counts 2 through 8 of the indictment. No appeal was taken.

This proceeding under section 2255 was commenced about a year and a half later. Several grounds for relief were urged, all of which are renewed here after their rejection by the trial court following a hearing.

One ground for relief asserted by Munich is that, in accepting his plea of guilty to count 1 of the indictment, the trial court did not perform the function required of it under Rule 11, Federal Rules of Criminal Procedure. Rule 11 provides that the court shall not accept a plea of guilty " * * * without first determining that the plea is made volun-

tarily with understanding of the nature of the charge."

The rule [1] is mandatory, even where the defendant is represented by court-appointed counsel (Kadwell v. United States, 9 Cir., 315 F.2d 667, 669, note 3), or by counsel retained by the defendant.[2] As pointed out in the Diggs and Gundlach decisions (note 2 below), however, the presence of counsel is a circumstance which may fairly be taken into account in determining the nature and extent of the inquiry to be made.[3]

As indicated by the wording of the rule, the two questions of fact which the court must determine are whether the plea of guilty is made voluntarily, and whether it is made with understanding of the nature of the charge. In order to determine whether a plea of guilty is made with understanding of the nature of the charge, it is necessary for the court to take steps to satisfy itself that the defendant understood: (1) the meaning of the charge, (2) what acts are necessary to establish guilt, and (3) the consequences of pleading guilty to the charge. Kadwell v. United States, supra.

In determining these questions the court is not required to follow any particular ritual,[4] and it is not necessary that the court personally explain to the defendant the nature of the charge.[5] Nor does the rule require the entry of a for-

1. The portion of Rule 11 quoted above is substantially a restatement of preëxisting law and practice. Notes of Advisory Committee on Rules, note 1, following Rule 11, 18 U.S.C.A. In the 1927 case of Kercheval v. United States, 274 U.S. 220, 223, 47 S.Ct. 582, 583, 71 L.Ed. 1009, it was said that out of just consideration for persons accused of crime, " * * * courts are careful that a plea of guilty shall not be accepted unless made voluntarily after proper advice and with full understanding of the consequences." The constitutional foundation for the rule is indicated by the observation in Smith v. O'Grady, 312 U.S. 329, 334, 61 S.Ct. 572, 574, 85 L.Ed. 859, that notice of the true nature of the charge made against one is " * * * the first and most universally recognized requirement of due process; * * * "

2. United States v. Diggs, 6 Cir., 304 F.2d 929, 930; Gundlach v. United States, 4 Cir., 262 F.2d 72, 76; United States v. Davis, 7 Cir., 212 F.2d 264, 267.

3. In Taylor v. United States, 9 Cir., 182 F.2d 473, 475, this court referred to circumstances under which a defendant's understanding of the nature of the charge might be inferred from statements made in his presence, in court, by his counsel, in which statements the defendant acquiesced.

4. Julian v. United States, 6 Cir., 236 F.2d 155, 158; United States v. Davis, note 2.

5. The explanation of the charge and possible penalties made by the defendant's attorney, satisfies Rule 11. United States v. Swaggerty, 7 Cir., 218 F.2d 875, 879.

mal finding or recitation to the effect that the plea is made voluntarily with understanding of the nature of the charge. Adkins v. United States, 8 Cir., 298 F.2d 842, 844. It is implicit in the court's act in accepting a plea of guilty that the required determination has been made.

■ It must nevertheless appear that there was a substantial basis in fact for such a determination. This basis is usually provided by colloquy or explanations made at the time the plea of guilty is tendered.

In the case before us the record of the proceedings when the plea of guilty was accepted reveal no substantial basis for the required determination. The court made no explanation to, or inquiry of, Munich on that occasion. While Munich's retained counsel was present, he was not asked whether he had advised Munich as to the nature of the charge, and he did not volunteer any information as to this. All that occurred was this brief colloquy between the clerk of the court and Munich:

"THE CLERK: Mr. Munich, do you understand the charge in Count 1 of the indictment?

"THE DEFENDANT: Yes, I do.

"THE CLERK: Are you ready at this time to enter a plea?

"THE DEFENDANT: Yes, I am. Guilty." [6]

■ It will be observed that there was no inquiry whatever as to whether

the plea was voluntary. A defendant may understand the nature of the charge to which he is pleading guilty, without such plea being voluntary. Nor, at least in the absence of any assurance from counsel, does a defendant's affirmative answer to the single inquiry as to whether he "understands" the charge provide a substantial basis for a determination that the defendant understands the meaning of the charge, what acts are necessary to establish guilt, and the consequences of pleading guilty.

We therefore hold that there was noncompliance with Rule 11 in accepting Munich's plea of guilty.

■ Nonetheless, if the plea was in fact made voluntarily and with understanding of the nature of the charge, the error was harmless.[7] This determination may be made in a subsequent section 2255 proceeding. See Long v. United States, Note 7, below. But where there has been noncompliance with Rule 11, the Government has the burden of proving that the error was harmless, i. e., that the defendant made his plea of guilty voluntarily and with understanding of the nature of the charge. Domenica v. United States, Note 7, below; United States v. Davis, 7 Cir., 212 F.2d 264, 267. But see United States v. Lester, 2 Cir., 247 F.2d 496, regarding the burden of proof on a motion, under Rule 32(d), Federal Rules of Criminal Procedure, to withdraw a plea of guilty.

6. Similar colloquies had taken place between the clerk and Munich on December 21 and 28, 1960, the latter being the occasion when Munich entered his plea of not guilty.

7. Long v. United States, 9 Cir., 290 F. 2d 606, 607; Domenica v. United States, 1 Cir., 292 F.2d 483, 486; Gundlach v. United States, 4 Cir., 262 F.2d 72, 76; United States v. Swaggerty, 7 Cir., 218 F.2d 875, 879. However, as we did in Kadwell v. United States, 9 Cir., 315 F.2d 667, 669, note 6, we call attention to this observation made in Gundlach, 262 F.2d at 76, after announcing this harmless error rule:

"This is not to say, however, that we approve anything less than full com-

pliance with Rules 10 and 11. These rules are designed not only to safeguard important rights of defendants, but their observance serves also to protect proper administration of the criminal law. When the trial judge fully complies with these rules and is careful to have the record plainly show that this has been done, it may go far to foreclose irresponsible challenges in the future and the necessity for a hearing under Section 2255 at a time when the facts surrounding the arraignment, plea and sentence may not be as fresh and readily available as they were in this instance."

Munich asserts that he did not voluntarily and with understanding plead guilty because: (1) the nature of the charges and consequences of a plea of guilty were not explained to him by anyone; (2) he was induced to plead guilty on the promise of his counsel, after consultation with the United States Attorney, that he would not be sentenced to a term greater than five years; and (3) he was then under the effect of drug addiction and was not in full possession of his faculties.

 Concerning the first of these reasons, one of the consequences of being convicted of a violation of 21 U.S.C. § 174, is that the imposition or execution of the sentence imposed shall not be suspended, probation shall not be granted, and parole is not available. 26 U.S.C. § 7237(d), Rivera v. United States, 9 Cir., 318 F.2d 606, 609–610; Witt v. United States, 9 Cir., 287 F.2d 389, 392. In our opinion one who, at the time of entering a plea of guilty, is not aware of the fact that he will not be eligible for probation or parole, does not plead with understanding of the consequences of such a plea.[8]

At this section 2255 hearing Munich testified that no one ever told him that he would not be eligible for probation. This testimony is corroborated by that of Munich's then counsel, who testified that at no time did he advise Munich that there was no possibility of probation or parole. As we have seen, Munich was not so advised in court at the time the plea of guilty was received, or before, nor did counsel for Munich so represent to the court.

We must therefore conclude that the Government has not sustained its burden of proving that Munich pleaded guilty with understanding of the consequences. It follows that the error in failing to comply with Rule 11 cannot be disregarded as harmless.

In view of this conclusion it is not necessary to examine Munich's other contentions concerning the voluntary nature of the plea, nor the several independent grounds for relief urged in his section 2255 motion and renewed here.

Reversed and remanded with directions to vacate the judgment of conviction, the sentence, and the plea of guilty upon which the conviction is based, and to afford Munich a new opportunity to plead to count 1 of the indictment. The district court order dismissing, upon the motion of the Government and the tacit consent of Munich, the remaining counts of the indictment, entered after Munich pleaded guilty to count 1, may, upon the motion of the Government and in the discretion of the district court, be set aside, so as to restore the criminal proceeding to the same status it had before the plea of guilty was received.

8. See United States v. Diggs, 6 Cir., 304 F.2d 929, 930, where the same problem was presented, but where the court of appeals did not give a definitive answer because the point was raised for the first time on appeal, and a remand to the district court for an initial determination was necessary.