**UNITED STATES of America, Appellee,**

v.

**Donald Eugene KINCAID, Appellant.**

**No. 10402.**

United States Court of Appeals Fourth Circuit.

Argued June 1, 1966.

Decided June 20, 1966.

Harvey S. Lutins, Roanoke, Va. (Court-appointed counsel) [Honeyman & Lutins, Roanoke, Va., on brief] for appellant.

Thomas B. Mason, U. S. Atty., for appellee.

Before HAYNSWORTH, Chief Judge, J. SPENCER BELL, Circuit Judge, and HEMPHILL, District Judge.

HAYNSWORTH, Chief Judge:

Defendant, convicted of a Dyer Act violation, claims that he lacked mental capacity to waive counsel and plead guilty. When he appeared before the District Court, in answer to questions put by the United States Attorney, he agreed to waive counsel, waive indictment,[1] and to plead guilty. During this proceeding he said that he had turned himself in because "I needed medical treatment or something." When afforded an opportunity to make a statement prior to imposition of sentence he said:

> Well I feel I need some kind of psychiatric treatment. I would appreciate it if there was some way you could recommend it, because it is just a continuous thing. I know at times I don't care about life or anything else.

At no time during this proceeding did the District Court undertake to determine, pursuant to the mandate of Rule 11,[2] whether the guilty plea was voluntarily and understandingly made. The questions addressed to the defendant regarding the plea of guilty were posed not by the court but by the United States Attorney.[3] Nor were any questions asked which were reasonably calculated to elicit information as to the defendant's

---

1. In response to a question directed to waiver of indictment defendant agreed to "waive whatever it is."

2. Rule 11 of the Federal Rules of Criminal Procedure provides in pertinent part:
   The court may refuse to accept a plea of guilty, and shall not accept the plea without first determining that the plea

is made voluntarily with understanding of the nature of the charge.

3. While this practice is not unique, see, e. g., Meeks v. United States, 5 Cir., 298 F.2d 204, it is not to be favored particularly where, as here, the defendant is not represented by counsel.

mental processes.[4] No attempt was made to explain the elements of the crime, to determine what prompted him to surrender himself and plead guilty, or to explain to him the effect of a guilty plea.

Rule 11 requires something more than conclusionary questions phrased in the language of the rule. It contemplates such an inquiry as will develop the underlying facts from which the court will draw its own conclusion. Particularly, when the defendant had volunteered the information that he had surrendered himself for the purpose of obtaining medical and psychiatric care he thought he needed, careful probing to develop the relevant facts was essential. Minimally, the court should have put questions designed to reveal the nature and details of the supposed need, the defendant's general medical history and the relation, if any, between any mental or emotional defect and the tender of the guilty plea, which, apparently, was an intermediate objective of the voluntary surrender.

We have previously held that failure to comply with Rule 11 does not require that a conviction be set aside where the plea was in fact intelligently made. Gundlach v. United States, 262 F.2d 72, 76.[5] But, in a case such as this where the defendant twice brought to the attention of the court his need for medical or psychiatric treatment, we think the failure of the District Court to assure itself of the defendant's mental capacity to plead guilty compels the conclusion that the plea was not intelligently made.

Here there was more than a negative failure of compliance with the Rule's requirements, there was a failure to observe the unfurled flags signaling danger and possible or probable infirmity in the defendant's capacity or volition, or both.

The judgment of conviction will be reversed so that the defendant may be properly arraigned.

Reversed.

4. The proceedings with respect to the plea consisted of the following:

United States Attorney: Do you fully understand the nature of the charge against you?

Defendant: Yes sir.

United States Attorney: You do?

Defendant: Yes sir.

United States Attorney: I wish to advise you that the maximum punishment provided by law for this offense is five years imprisonment, or imprisonment for not more than five years or a fine of not more than $5,000 or both. With that understanding of the charge, are you prepared at this time to enter a plea to the charge of the information, that is, either guilty or not guilty?

Defendant: I turned myself in down at Clifton Forge to them. I needed medical treatment or something, so I turned myself in to get clear.

United States Attorney: My question is do you fully understand the nature of the charge?

Defendant: Yes.

United States Attorney: Do you understand the maximum punishment?

Defendant: Yeah.

United States Attorney: Are you prepared then at this time to enter a plea

of either guilty or not guilty to the charge?

Defendant: I turned—I'm guilty. I turned myself in. I'm guilty of the charge.

United States Attorney: Your plea is guilty. Is this plea entered freely and voluntarily on your part?

Defendant: Yeah, I turned myself in.

5. Accord, Rimanich v. United States, 5 Cir., 357 F.2d 537; Kotz v. United States, 8 Cir., 353 F.2d 312; Domenica v. United States, 1 Cir., 292 F.2d 483. But see Heiden v. United States, 9 Cir., 353 F.2d 53 in which the Ninth Circuit, sitting en banc, overruled Long v. United States, 290 F.2d 606 and Munich v. United States, 337 F.2d 356, to hold that where the District Court fails to make the inquiry required by Rule 11 a vacation of the guilty plea is required. Disagreement also exists as to whether the United States or the defendant should bear the burden of proving prejudice in case of noncompliance. Compare Rimanich v. United States, 5 Cir., 357 F.2d 537, with Day v. United States, 7 Cir., 357 F.2d 907 and United States v. Smith, 4 Cir., 337 F.2d 49. Under the facts of this case, however, we need not enter these areas of disagreement.