**Ronald Leroy HUTCHINSON, Petitioner,**

v.

**UNITED STATES of America, Respondent.**

Civ. No. 73–256–D.

United States District Court, W. D. Oklahoma, Civil Division.

June 1, 1973.

ply read the indictment but explained to the petitioner exactly the acts which he was accused of committing, including names, dates and places. In the establishment of the factual basis for the plea the court broke down the offense and item by item asked the petitioner if he had done the particular act. In answer to specific questions by the court he stated that the check was false and bogus and that he knew it was false and bogus. Despite these unequivocal declarations to the court, the petitioner now asserts that he did not really understand the charge because the court did not further explain the meaning of "false and bogus check". The comment of the court of appeals in Semet v. United States, 369 F.2d 90 (C.A.10 1966) in describing the conduct of the trial court at arraignment in that case is equally applicable here:

> "The transcript of proceedings on the occasion of the entry of the plea of guilty discloses the trial judge's extended efforts to communicate to the petitioner-appellant the consequences of his plea of guilty. The contents of the indictment, the right to a jury trial and the twenty-five years' maximum sentence were fully and clearly explained by him. Petitioner-appellant unequivocally stated that he wished to change his plea to guilty. . . . In the case at bar the trial judge was painstaking and thorough in satisfying himself that the accused before him understood the nature of the proceeding and that his act of changing his plea was voluntary." 369 F.2d at pp. 91–92.

In a subsequent attempt by the petitioner Semet to attack the validity of his plea of guilty as being not made with an understanding of the charge the court said:

> "In order to convey an understanding of the 'nature of the charge' to the Defendant, it was not necessary to explain the elements of the offense. United States v. Lowe, 367 F.2d 44 (7th Cir. 1966). It is sufficient that

Ronald Leroy Hutchinson, pro se.

O. B. Johnston, III, Asst. U. S. Atty., Oklahoma City, Okl., for respondent.

## ORDER

DAUGHERTY, Chief Judge.

Petitioner has filed herein his "Motion of Petitioner Ronald Leroy Hutchinson for a Rehearing" in which he persists that the court did not fulfill its obligation under Rule 11, Federal Rules of Criminal Procedure. The district judge's colloquy with the defendant in this case shows that he did comply with the terms of Rule 11 and there can be no doubt that the petitioner fully understood the nature of the charge. The petitioner was represented by competent counsel who had discussed with the petitioner his change of plea. The petitioner was no stranger to judicial process. On two occasions he specifically advised the court that he understood the nature of the charges. The court did not sim-

the indictment was read to him at the proceedings wherein his guilty plea was accepted." United States v. Semet, 295 F.Supp. 1084 (E.D.Okl.1968).

See also Kress v. United States, 411 F. 2d 16 (C.A.8 1969) and Edwards v. United States, 422 F.2d 856 (C.A.6 1970).

The cases relied upon by the petitioner are clearly distinguishable from this case. In United States v. Munich, 337 F.2d 356 (C.A.9 1964) the court made no explanation to or inquiry of the accused and the fatal flaw in the proceedings was the failure to advise the petitioner of the consequences of his plea. In United States v. Kincaid, 362 F.2d 939 (C.A.4 1966) the defendant twice brought to the attention of the trial court his need for medical or psychiatric treatment and it was held that the failure of the court to assure itself of defendant's mental capacity to plead guilty compelled the conclusion that the plea was not intelligently made.

■■ To satisfy the requirements of Rule 11 the record must show that the judge asked the proper questions and received answers from the defendant indicating his awareness of the charges against him and the consequences of his guilty plea. United States v. Thomas, 468 F.2d 422 (C.A.10 1972). This the court has done. One of the purposes of Rule 11 is to produce a complete record at the time of the plea of necessary facts relative to the determination of the voluntariness of the plea. United States v. McCarthy, 394 U.S. 459, 89 S.Ct. 1166, 22 L.Ed.2d 418 (1969); United States v. Sanders, 435 F.2d 1282 (C.A.10 1970). Therefore it was not intended that the careful efforts of a trial judge to make a record showing his conscientious compliance with the rule to determine that the accused understood the charge should be ignored upon the accused's subsequent subjective complaint that, contrary to his repeated statements to the court, he really didn't understand the charge.

"Rule 11 proceedings are not an exercise in futility. The plea of guilty is a solemn act not to be disregarded because of belated misgivings about the wisdom of the same." United States v. Woosley, 440 F.2d 1280 (C.A.8 1971).

If, indeed, the court cannot rely upon petitioner's own declaration of understanding under the circumstances here presented, then the record is rendered a nullity, and the Rule 11 proceedings, do in fact, became an exercise in futility.

Appropriate to our conclusion that petitioner's 2255 motion was without merit is the statement of the court in Sappington v. United States, 468 F.2d 1378, 1379 (C.A.8 1972):

"Here the charge was a simple one, the defendant was represented by counsel, and the defendant was no stranger to the judicial process. The effort made on this motion, as in similar motions, is to transform an enunciation of general standards to an ever-lengthening list of specifics, the omission of any one of which will render the entire proceedings 'an exercise in futility.'

"But *McCarthy* imposes no requirement that the Judge mount the bench with a script in his hand. Nor does it impose a requirement, at variance with theretofore existing law, Bongiorno v. United States, 424 F.2d 373 (8th Cir. 1970) that the court follow an exact ritual, or that, in order to convey an understanding of the 'nature of the charge' to the defendant, it is necessary to explain the 'elements' of the offense." 468 F.2d at 1379, 1380.

Accordingly, the motion for rehearing will be denied.

It is so ordered.