**Anibal OTERO–RIVERA, Petitioner, Appellant,**

v.

**UNITED STATES of America, Respondent, Appellee.**

**No. 73–1298.**

United States Court of Appeals, First Circuit.

Submitted Feb. 6, 1974.

Decided March 28, 1974.

Rafael Benet, Hato Rey, P. R., on brief, for appellant.

Julio Morales Sanchez, U. S. Atty., and Jorge Rios Torres, Asst. U. S. Atty., San Juan, P. R., on brief for appellee.

Before COFFIN, Chief Judge, McENTEE and CAMPBELL, Circuit Judges.

LEVIN H. CAMPBELL, Circuit Judge.

Appellant Otero-Rivera appeals from the denial of his *pro se* motion filed under 28 U.S.C. § 2255 to vacate his 1959 conviction for sale of narcotics in violation of 26 U.S.C. § 4705(a). The court had imposed the minimum five year sen-

tence, 26 U.S.C. § 7237(b) as amended, and recommended commitment to an institution for treatment and cure of drug addiction. In 1968 when appellant pleaded guilty to violations of other federal narcotics laws, he received a mandatory ten year sentence as a second offender.

Appellant now asserts that when the court accepted his 1959 guilty plea, it did not comply with the then existing Rule 11[1] in that he was not informed nor made aware of the consequences of his plea. After examining the records of the case, the district court held that they conclusively showed that the plea was properly accepted. The motion was denied without an evidentiary hearing.

The record reveals that appellant appeared at his arraignment with court-appointed attorney, waived the reading of the indictment, and entered a plea of not guilty. Twelve days later he appeared with a different court-appointed attorney to change his plea. The following colloquy is then reported:

"Mr. Rivera: We have been appointed by the Court, Your Honor, to represent the defendant, and we have been talking to the defendant for the last hour. He has decided to change his plea of not guilty, as I have explained to him the meaning of the indictment.

The Defendant: Yes, Your Honor.

The Court: Have you explained to him the consequences of his plea of guilty, the penalty that the Court is bound to impose upon him, etc.?

The Defendant: That is correct, Your Honor.

The Court: Have any promises been made to you?

The Defendant: No, Your Honor.

The Court: Have any threats been made to you?

The Defendant: No threats, and this is a voluntary plea.

The Court: All right. The motion for change of plea is granted, and the new plea of guilty as charged in the indictment is accepted."

Appellant asserts in his motion that he spoke with his counsel for a few minutes, and was advised to change his plea because of the seriousness of the offense and his poor chances for acquittal before a jury. He further alleges: (1) his plea was coerced by defense counsel; (2) he lacked knowledge of the English language; (3) defense counsel served as interpreter of the court; (4) he "did not know the statement that the defense counsel made to the court on his behalf"; (5) the trial judge did not personally ask him whether he was coerced into pleading guilty; (6) he was not personally informed by the court that a guilty plea involved waiver of trial by jury and the right to confront one's accusers; and (7) neither the trial judge nor his counsel advised him of the consequences of his plea, in particular the maximum sentence he could have received and his ineligibility for parole.

The central question is whether it was proper to deny the motion without an evidentiary hearing.[2] This depends upon whether the record conclusively reveals compliance with Rule 11 as it was written in 1959 and excludes all other possibility of relief. We must take petitioner's factual allegations "as true, except to the extent that they are contradicted by the record or are inherently incredible, and to the extent that they are merely conclusions rather than statements of fact." Domenica v. United States, 292 F.2d 483, 484 (1st Cir. 1961).

Most of the allegations are plainly lacking in merit. That the plea "was coerced by defense counsel" is a

---

1. Before it was amended in 1966 Rule 11 was worded as follows: "The court may refuse to accept a plea of guilty, and shall not accept the plea without first determining that the plea is made voluntarily with understanding of the nature of the charge."

2. "Unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall . . . grant a prompt hearing . . . . ." 28 U.S.C. § 2255.

mere conclusion unbuttressed by specific facts. Appellant originally told the court "this is a voluntary plea", a representation he cannot now so easily repudiate. Cf. Benthiem v. United States, 403 F.2d 1009 (1st Cir. 1968). That the court did not inquire into the voluntariness of the plea is belied by the record. That a plea waives the right to trial by jury and to confront one's accusers is so evident that a judge, even under amended Rule 11, does not commit fatal error by neglecting so to state. United States v. Webb, 433 F.2d 400, 403 (1st Cir. 1970). Nor is the judgment to be vacated because the defendant may not have realized the maximum sentence since he, in fact, received the minimum sentence. See Eakes v. United States, 391 F.2d 287 (5th Cir. 1968); Murray v. United States, 419 F.2d 1076 (10th Cir. 1969).

■■ The only allegation that raises a serious question concerning the defendant's understanding of the nature of the charge is his claim that he was not advised by either court or counsel of his ineligibility for parole. 26 U.S.C. § 7237(d)(1). Ineligibility is a material consequence of a guilty plea. Durant v. United States, 410 F.2d 689 (1st Cir. 1969). In dismissing the motion, the district court erred in construing pre-1966 Rule 11 as not requiring a court to have reason to believe that a defendant had knowledge of such a consequence. See, e. g., Munich v. United States, 337 F.2d 356 (9th Cir. 1964); Berry v. United States, 412 F.2d 189 (3d Cir. 1969); Jenkins v. United States, 420 F. 2d 433 (10th Cir. 1970). The pre-1966 Rule does refer only to an "understanding of the nature of the charge" and not to "the consequences of the plea".[3]

However, the 1966 Committee Note to Rule 11 states that the revision was not intended as a substantive change, but rather to make clear existing law. 8 J. Moore, Federal Practice ¶ 11.01 [3] (Cipes; Thompson rev. 1973). Federal courts have always been required to be "careful that a plea of guilty shall not be accepted unless made voluntarily after proper advice and with full understanding of the consequences." Kercheval v. United States, 274 U.S. 220, 223, 47 S.Ct. 582, 583, 71 L.Ed. 1009 (1927). Accord, Machibroda v. United States, 368 U.S. 487, 493, 82 S.Ct. 510, 7 L.Ed.2d 473 (1962); Von Moltke v. Gillies, 332 U.S. 708, 724, 68 S.Ct. 316, 92 L.Ed. 309 (1948). A plea of guilty waives fundamental constitutional rights; in order to be valid, the waiver must involve "intentional relinquishment or abandonment of a known right or privilege." Johnson v. Zerbst, 304 U.S. 458, 464, 58 S.Ct. 1019, 1023, 82 L.Ed. 1461 (1938). If it is not both voluntary and knowing, there has been a violation of due process. McCarthy v. United States, 394 U.S. 459, 466, 89 S.Ct. 1166, 22 L.Ed.2d 418 (1969).

■ The pre-1966 Rule was, of course, less formalistic. It did not require compliance with a particular ritual. The court, indeed, did not have to address the defendant personally.[4] That he knew the consequences might be gleaned from what his attorney said in his presence, or from the fact that defendant had been previously punished for a similar offense. United States v. Swaggerty, 218 F.2d 875, 879 (7th Cir.), cert. denied 349 U.S. 959, 75 S.Ct. 889, 99 L.Ed. 1282 (1955). The mere fact that counsel was available might be given some, though not conclusive, weight

3. Rule 11 as amended reads, "The court may refuse to accept a plea of guilty, and shall not accept such a plea, or a plea of *nolo contendere* without first addressing the defendant personally and determining that the plea is made voluntarily with understanding of the nature of the charge and the consequence of the plea . . . . The court shall not enter a judgment upon a plea of guilty unless it is satisfied that there is a factual basis for the plea."

4. *See* Halliday v. United States, 394 U.S. 831, 834, 89 S.Ct. 1498, 23 L.Ed.2d 16 (1968) (Harlan, J., concurring); Halliday v. United States, 380 F.2d 270, 272 n. 2 (1st Cir. 1967); "1966 Committee Note to Rule 11," 8 J. Moore, Federal Practice ¶ 11.01 [3] (Cipes; Thompson rev. 1973).

in gauging, overall, defendant's understanding. *See* Gundlach v. United States, 262 F.2d 72, 76 (4th Cir. 1958). But even before 1966, whether through its own inquiry or by other means, the court had to have before it facts from which it could reasonably determine the plea was knowing. *See* Turner v. United States, 325 F.2d 988 (8th Cir. 1964); Munich v. United States, *supra,* 337 F. 2d at 360.

■ Otero-Rivera's inability to understand English, the record's lack of clarity as to which questions or responses were translated,[5] and our uncertainty as to who actually responded to the court's inquiry directed at counsel, make it impossible to conclude without more that this particular plea was sufficiently probed or that appellant, in fact, possessed sufficient understanding of the consequences of the plea. From the sparse and confusing record, it is not apparent that Otero-Rivera knew what was being said by the court or counsel. We cannot, therefore, impute acquiescence therein, much less understanding of the consequences.[6] The very case relied upon by the government, United States v. Denniston, 89 F.2d 696, 698 (2d Cir. 1937) indicates that the circumstances must "fairly show that the attorney speaks for his client who understands what is being done and its import and who acquiesces . . ."

As the record does not establish that the court had a factual basis for believing that Otero-Rivera understood a conviction would make him ineligible for parole, there must be a hearing. The government will have the burden of proving that the plea was, in fact, entered voluntarily and with the requisite

understanding. Halliday v. United States, 394 U.S. 831, 89 S.Ct. 1498, 23 L.Ed.2d 16 (1968). Appellant's understanding at the time may be established not only directly but by reasonable inferences from proof of his prior participation in other relevant court proceedings or sentences for drug crimes carrying similar disabilities.[7] The district court may also wish to consider what, if any, inference to draw from appellant's prolonged failure to attack the 1959 conviction.

Reversed and remanded to the district court for proceedings consistent with this opinion.

---

5. At defendant's 1968 guilty plea proceeding, the court asked whether he heard and understood the words of his attorney and whether he was in agreement with his attorney.

6. Given the ambiguity of the record, heightened as it is by the language problem, we need not decide whether merely asking if "the penalty that the Court is bound to impose" had been explained, without further elaboration, and receiving an affirmative answer, would have been enough in the case of

an English-speaking defendant. *Compare* United States v. Davis, 212 F.2d 264 (7th Cir. 1954) and United States v. Lester, 247 F.2d 496, 500 (2d Cir. 1957), with Murray v. United States, 419 F.2d 1076 (10th Cir. 1969).

7. Otero-Rivera was apparently serving a Commonwealth of Puerto Rico sentence in 1959, for what offense we do not know. Even a non-federal prior conviction, if for a non-parolable drug offense, might be material to the issue of understanding.