**Theodore TREVINO,**
**Petitioner-Appellant,**

v.

**STATE OF ARIZONA and Harold Card-**
**well, Superintendent, Arizona State**
**Prison, Respondents-Appellees.**

**No. 75-1304.**

United States Court of Appeals,
Ninth Circuit.

Dec. 4, 1975.

Bruce F. Rinaldi (argued), of Verity, Smith, Lacy, Allen & Kearns, P. C., Tucson, Ariz., for petitioner-appellant.

Frank T. Galati, Deputy Atty. Gen. (argued), Phoenix, Ariz., for respondents-appellees.

OPINION

Before WALLACE and SNEED, Circuit Judges, and CARR,* Senior District Judge.

---

* Honorable Charles H. Carr, Senior United States District Judge for the Central District of California, sitting by designation.

CARR, Senior District Judge.

This is an appeal from the denial of a petition for a writ of habeas corpus by the United States District Court for the District of Arizona.

Petitioner is serving a life sentence in the Arizona State Prison for first degree murder. He claims his sentence is invalid because of ineffective assistance of counsel and that his plea was involuntary.

 His attorneys informed him that upon his guilty plea to first degree murder, he would be eligible for parole within seven years. This was erroneous since under Arizona law a prisoner serving a life term would not be eligible for parole unless his sentence was commuted.

The district court conducted a full evidentiary hearing and decided that the plea was motivated by a desire to avoid the death penalty, and that it resulted from a negotiated plea.

At the time of the plea, the death penalty was still in effect in Arizona. The district judge found that, " * * * the issue of parole eligibility was not a significant consideration in petitioner entering a plea of guilty to first degree murder." The district judge also stated in his opinion, "Given the brutal and premeditated circumstance . giving rise to the decedents [sic] murder, the overwhelming indication from the evidence before this court is that the main consideration in this case was avoiding the imposition of the death penalty."

Obviously, the district judge found that the plea was voluntary, and it must be concluded from a study of the record in this case that the finding was not clearly erroneous.

It is therefore unnecessary to consider petitioner's contention that *Munich v. United States*, 337 F.2d 356 (9th Cir. 1964), should be applied retroactively. To do so would lead to a consideration of the applicability of Rule 11, F.R.Crim.P., to state proceedings which, in the end, would not benefit petitioner since an extension of *Munich* to state proceedings would lead to the result that *Munich* would not be applied retroactively. *Fong v. United States*, 411 F.2d 1181 (9th Cir. 1969).

 Petitioner's claim of ineffective assistance of counsel falls far short of meeting the test that the trial must be reduced to a farce, sham or mockery of justice by incompetent counsel.

The judgment of the district court is affirmed.