George ALLICON, Petitioner,

v.

Luis SPENCER, Superintendent, M.C.I. Plymouth, Respondent.

Civil Action No. 98–11457–REK.

United States District Court, D. Massachusetts.

Dec. 9, 1998.

George A. Allicon, So. Carver, MA, pro se.

Gregory I. Massing, Attorney General's Office, Boston, for Commonwealth of Massachusetts.

Memorandum and Order

KEETON, District Judge.

## I.

Pending for decision are the following motions:

(1) Plaintiff's Motion to Clarify Broadness of Petition (Docket No. 8, filed September 22, 1998);

(2) Motion of Respondent Luis Spencer, Superintendent of the Massachusetts Correctional Institution, Plymouth, Massachusetts to Dismiss Petition for Writ of Habeas Corpus (Docket No. 9, filed October 23, 1998), with Memorandum of Law in Support (Docket No. 10) and Supplemental Materials (Docket No. 11), Petitioner's Motion for Enlargement of Time to Respond to Respondent's Motion to Dismiss (Docket No. 12, filed September 22, 1998), and Petitioner's Answer to Respondent's Motion to Dismiss (Docket No. 15, filed November 3, 1998).

## II. Grounds of the Petition

The grounds of the petition are stated as follows in the petition filed in this case:

Ground One: Failure to provide a Speedy Trial as guaranteed by Constitution.

Ground Two: The responsibility to bring defendant to trial rests on the Govt.

Ground Three: The Govt. delayed the bringing of indictment as a deliberate device to gain a tactical advantage.

Ground Four: Judge Bohn's position evades the use of the special procedures section, a sub-division of the case management rule.

Ground Five: The Judge Bohn memorandum of decision and order states "MA. R.Crim. P. 36 does not apply to pre-indictment delays." The statement effectively "cuts off" a timely access to court, while already incarcerated.

Ground Six: The court's powers should have upheld the Speedy Trial motion to dismiss.

Ground Seven: Return Day is now the Arraignment Day in Mass.

Ground Eight: The boundaries of fairness skewed through vindictive manipulations.

Docket No. 3, Attachment to page 5.

### III. Background

Respondent's Memorandum of Law in Support summarizes background facts as "taken from the petitioner's Motion to Dismiss for Lack of Speedy Trial, from the Commonwealth's opposition to that motion in the state trial court, and from the state trial court's Memorandum of Decision and Order, *Commonwealth v. Allicon,* Nos. 9777 Cr 796–800 (Essex County Superior Ct. Jan. 8, 1998)," which are included in the Supplemental Materials filed in this case (Docket No. 11). The summary is as follows:

On the morning of March 25, 1995, petitioner George Allicon parked his car in the drive-thru lane of a Dunkin' Donuts in Lawrence, Massachusetts. The owner of the store, Adoa Aguilar, arrived in a van with a delivery, but petitioner's car was blocking his way. After waiting for some time, Mr. Aguilar entered the store and asked whoever owned the car to move it.

Petitioner responded by punching Mr. Aguilar in the face, going to his car and retrieving a gun, and pointing it at Mr. Aguilar, who retreated. Petitioner then fired a bullet into the floor of the van and left the scene.

In late August, 1995, petitioner was arrested in Lowell, Massachusetts, on other charges. He eventually pleaded guilty to the Lowell charges and received a sentence of four-to-five years at M.C.I. Cedar Junction. While awaiting trial on the Lowell charges, petitioner learned that a warrant had issued for his arrest in connection with the Lawrence incident.

### STATE–COURT PROCEEDINGS

On March 30, 1995, criminal complaints for illegal possession of a firearm, assault and battery, assault with a dangerous weapon, malicious destruction of property, and discharging a firearm within 500 feet of a building, and a warrant for petitioner's arrest, issued out of Lawrence District Court. *See* Supp. Mats. Item No. 3, Exhibits 1–4. On March 4 and April 2, 1996, petitioner made requests for speedy trial of these complaints, and in December, 1996, he filed a pro se motion to dismiss the complaints for lack of a speedy trial. *See* Mem. of Decision & Order at 2 (Supp. Mats. Item No. 4).

Petitioner was arraigned on the Lawrence District Court complaints on December 12, 1996. The court denied his motion to dismiss on February 26, 1997, and scheduled the case for trial on April 9, 1997. *Id.* at 3.

On April 2, 1997, an Essex County grand jury issued [sic] indicted petitioner on charges of assault with a dangerous weapon, assault and battery, discharging a firearm, carrying a firearm without a license, and malicious destruction of property. *See* Supp. Mats. Item No. 1 (docket entries). Petitioner was arraigned on those indictments on April 8, 1997, *id.,* and the Lawrence District Court charges were dismissed April 9, 1997, Supp. Mats. Item No. 3, Exhibit 1.

On December 8, 1997, petitioner, now represented by attorney Lawrence McGuire, filed a motion to dismiss the indictments for lack of a speedy trial. Supp. Mats. Item No. 2. The Superior Court (Bohn, J.) denied the motion in a Memorandum of Decision and Order dated January 8, 1998. Supp. Mats. Item No. 4.

On February 10, 1998, petitioner pleaded guilty to the indictments in open court, Supp. Mats. Item No. 1, and signed a form evidencing his waiver of rights, Supp. Mats. Item No. 5. The court (Whitehead, J.) sentenced him to three concurrent terms of three-to-four years at M.C.I. Cedar Junction with respect to the charges of assault with a dangerous weapon, malicious destruction of property, and carrying a firearm without a license, to commence immediately and to be served concurrently with the sentence he was already serving with respect to the Lowell charges. Supp. Mats. Item No. 1. He was given two years' probation with respect to the conviction for assault and battery, to commence from and after the three concurrent sentences, and the conviction for discharging a firearm was placed on file. *Id.*

On February 23, 1998, the Supreme Judicial Court received documents from petitioner, purporting to be a motion to dismiss the indictments (to which he had just pleaded guilty). *See* Supp. Mats. Items Nos. 6–7. On March 19, 1998, the Superior Court received a letter from petitioner, which, treating as either a request for resentencing or to withdraw his guilty plea, the court denied. Supp. Mats. Item No. 1. The Supreme Judicial Court also received correspondence from petitioner on that date, and on divers[e] dates afterwards. Supp. Mats. Item Nos. 6–7. On June 12, treating petitioner's correspondence as a request pursuant to G.L. c. 211, § 3, for the exercise of the Court's powers of superintendence, a single justice of the Supreme Judicial Court (Marshall, J.) summarily denied relief without a hearing. Supp. Mats. Item No. 8.

Docket No. 10 at 1–4 (footnote omitted).

## IV.

Respondent's motion to dismiss does not address the merits of any stated ground for seeking a writ of habeas corpus. Instead, respondent argues that the petition should be dismissed for failure to exhaust state remedies and because some grounds are barred by his plea of guilty. This Memorandum turns first to the alleged failure to exhaust.

In support of this argument, respondent cites 28 U.S.C. § 2254(b)(1) and (2) and among other precedents the following:

*Keeney v. Tamayo–Reyes,* 504 U.S. 1, 9–10, 112 S.Ct. 1715, 118 L.Ed.2d 318 (1992);

*Rose v. Lundy,* 455 U.S. 509, 519–20, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982);

*Picard v. Connor,* 404 U.S. 270, 275–76, 92 S.Ct. 509, 30 L.Ed.2d 438 (1971);

*Adelson v. DiPaola,* 131 F.3d 259, 261–62 (1st Cir.1997);

*Scarpa v. DuBois,* 38 F.3d 1, 6 (1st Cir.1994), *cert. denied,* 513 U.S. 1129, 115 S.Ct. 940, 130 L.Ed.2d 885 (1995);

Respondent argues that if petitioner believes that his guilty plea was invalid or involuntary, his remedy is to file a motion to withdraw his guilty plea under Mass. R.Crim. P. 30 and, if unsuccessful, to appeal. Docket No. 10, pages 7–8.

In order to meet the exhaustion requirements prescribed in the body of precedents that have sprung from *Picard v. Connor,* 404 U.S. 270, 275–76, 92 S.Ct. 509, 30 L.Ed.2d 438 (1971), and *Rose v. Lundy,* 455 U.S. 509, 519–20, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982), a petitioner must have fairly presented the factual and legal underpinnings of each federal claim to the state trial court and pursued all opportunities for appeal.

*See Gagne v. Fair,* 835 F.2d 6, 7 (1st Cir.1987);

*See also Nadworny v. Fair,* 872 F.2d 1093, 1102 (1st Cir.1989).

The exhaustion requirement is not satisfied if the habeas petitioner "has the right under the law of the state to raise by any available procedure, the question presented." 28 U.S.C. § 2254(c).

In Massachusetts, among the available procedures is one provided for by Massachusetts Rules of Criminal Procedure, under which a trial court judge, acting in his discretion or upon a showing that the ground or grounds alleged could not reasonably have been raised in a previous motion for new trial, may permit new grounds for relief to be raised in a motion for new trial. This remedy is available even if the petitioner has

already sought post-conviction relief through one or more motions for new trial.

*See* Mass. R.Crim. P. 30(c).

■ Thus, in Massachusetts, a remedy is always available in state courts for claims based on newly-discovered facts or, in the discretion of the judge, for other claims that were not previously raised. Ordinarily, then, in order to exhaust all state remedies, a petitioner must present each federal-law issue underlying each claim in his habeas petition to the Supreme Judicial Court ("SJC") directly or in an application for leave to obtain further appellate review.

*See Mele v. Fitchburg District Court,* 850 F.2d 817, 820 (1st Cir.1988).

Petitioner Allicon argues strenuously that despite all this array of authority against his position, his petition should not be dismissed for failure to exhaust state remedies. I construe his pro se submission as favorably as possible to his position, as required by applicable precedents.

*See Gamble v. Estelle,* 439 U.S. 897, 99 S.Ct. 260, 58 L.Ed.2d 245 (1978);

*Haines v. Kerner,* 404 U.S. 519, 520, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

Allicon emphasizes that he (personally or through an attorney acting on his behalf) sent a total of four speedy trial applications to the "Lawrence district court commencing on Sept. 4, 1995" and extending until that court "answered finally on 2/26/97." Petitioner's Answer to Respondent's Motion to Dismiss (Docket No. 15), pages 1–3. He argues, either directly or by implication, that his attorneys, state courts and court officials including those in Clerk's offices, and the United States Attorney had a "constitutional burden" to assure him a speedy trial. *Id.,* page 3. Under captions "FACTS," "ARGUMENT," and "CONCLUSION" for later parts of his Answer to Respondent's motion to Dismiss, Allicon presents strident criticisms of each of the attorneys and court officials identified and finally, *id.* at page 7, complains of the "modern tyranny which is imposed at the state court level" in "the pursuit of guilt."

■ A trial court may appropriately require of parties, generally, sufficient particularity of claims to enable the court to act on a reasoned basis.

*See, e.g., United States v. Grant,* 114 F.3d 323, 327 (1st Cir.1997) ("More fundamentally, Grant made no proffer regarding any possible, let alone relevant or material, evidence that would be brought forward at an evidentiary hearing. Without a reason to believe that any benefit would derive from convening an evidentiary hearing, the district court surely did not abuse its discretion in refusing Grant's request").

■ The *Haines v. Kerner* rule of interpretation favors pro se claimants in many ways but does not extend to excusing them from all rules of general applicability regarding particularity of stating claims. Nor does the *Haines v. Kerner* rule extend to treating conclusions and accusations of a pro se litigant as satisfying rules of general applicability that require actual support for claims.

*See, e.g., Otero–Rivera v. United States,* 494 F.2d 900, 902 (1st Cir.1974) ("We must take petitioner's factual allegations as true, except to the extent that they are contradicted by the record or are inherently incredible, and *to the extent that they are merely conclusions rather than statements of facts.*") (Emphasis added; internal quotation marks and citation omitted).

I conclude that these rules of general applicability are relevant to Allicon's claims in this case of denial of rights to speedy trial, even though he is proceeding pro se.

The authorities (constitutional, statutory and decisional) that define rights to speedy trial recognize grounds for excluding, in the calculation of the time within which trial must commence, specified periods appropriately attributed to such matters as pending motions and consideration of their merits. Also, the authorities recognize that when speedy trial requirements have been met, a dismissal, in the exercise of discretion and for good cause, may be determined to be without prejudice rather than with prejudice.

■ Having examined the entire record before me, I conclude that Allicon has failed to proffer factual support for his claims that delays of proceedings for resolution of the

Lawrence District Court charges were so unwarranted as to entitle him to an adjudication by this court that he should be released from custody under the conviction on his plea of guilty on grounds of denial of a federally protected right to speedy trial.

Were I to proceed immediately to an adjudication on the merits, that adjudication could not be favorable to Allicon on the record now before me. Since the respondent has chosen not to address the merits and instead to request a dismissal for failure to exhaust, I conclude also that I should order dismissal and that the dismissal be explicitly a dismissal for lack of exhaustion of state remedies. Thus, unless some other circumstance not now apparent of record causes some different effect, the dismissal for lack of exhaustion will likely be without prejudice to Allicon's pursuing state remedies.

### ORDER

For the foregoing reasons, it is ORDERED:

(1) Plaintiff's Motion to Clarify Broadness of Petition (Docket No. 8) is ALLOWED to the extent that the court has fully considered it in reaching a decision on this matter.

(2) Respondent's Motion to Dismiss (Docket No. 9) is ALLOWED.

(3) The Clerk is directed to enter forthwith on a separate document a Final Judgment as follows:

This petition is dismissed for failure to exhaust state remedies.