William David **BELL**, Jr., Appellant,

v.

**STATE OF NORTH CAROLINA**, and Samuel Garrison, Warden of Central Prison, Appellees.

No. 77-2077.

United States Court of Appeals, Fourth Circuit.

Argued Feb. 6, 1978.

Decided May 1, 1978.

John F. Kavanewsky and Stephen D. Coggins, Third Year Law Students (George K. Walker, Professor of Law, Winston Salem, N.C., on brief) for appellant.

Joan H. Byers, Asst. Atty. Gen., Raleigh, · N.C. (Rufus L. Edmisten, Atty. Gen., Raleigh, N.C., on brief), for appellees.

Before BRYAN, Senior Circuit Judge, and WINTER and WIDENER, Circuit Judges.

ALBERT V. BRYAN, Senior Circuit Judge:

William David Bell, Jr., a North Carolina prisoner, seeks Federal habeas relief under 28 U.S.C. §§ 1291, 2253. In this appeal from the District Court's dismissal of his petition, he contends that his guilty pleas to two counts of second degree murder were involuntary. Specifically, he urges that his guilty pleas were vitiated by the failure of the State Court and his attorneys to advise him that, as a recipient of a life sentence, he would not be eligible for parole for twenty years. We find his contentions without merit and affirm.

Of course, a plea of guilty must not be accepted unless made voluntarily after proper advice and with the defendant's full understanding of the consequences. *Boykin v. Alabama,* 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969). However, the consequences which must be understood are only those which flow from the plea. *Cuthrell v. Director, Patuxent Institution,* 475 F.2d 1364, 1365–1366 (4 Cir.), *cert. denied* 414 U.S. 1005, 94 S.Ct. 362, 38 L.Ed.2d 241 (1973). Potential parole eligibility, absent special limitations, is not a direct incident to a guilty plea, and need not be previously communicated to a defendant. As explained by the Ninth Circuit recently:

"[M]any aspects of traditional parole need not be communicated to the defendant by the trial judge under the umbrella of Rule 11. For example, a defendant need not be advised of all conceivable consequences such as when he may be considered for parole or that, if he violates his parole, he will again be imprisoned. . . ." *Bunker v. Wise,* 550 F.2d 1155, 1158 (9 Cir. 1977) [footnote omitted].

However, appellant argues that the North Carolina statutory scheme denies parole availability to him and thus qualifies as a direct result of his guilty plea. We cannot agree.

If the parole ineligibility were for defendant's entire term, then, any guilty plea would have to reflect that understanding. *Paige v. United States,* 443 F.2d 781 (4 Cir. 1971); *Berry v. United States,* 412 F.2d 189, 192–193 (3 Cir. 1969). But, North Carolina provides parole *eligibility* ·for prisoners as follows: (i) setting the minimum time to be served, prior to parole consideration, at one-fourth of the sentence, if determinate; at one-fourth of the minimum sentence, if indeterminate; or at twenty years for a sentence of life imprisonment, NCGS 148–58; and (ii) stating that life imprisonment shall be considered eighty years, NCGS 14–2. Thus, North Carolina has not structured its parole of life termers in any way apart from the usual parole eligibility. The State has merely defined the length of a "life sentence" and engrafted that definition into its parole system. Hence, appellant's guilty pleas did not "deny him the eligibility for parole that he could reasonably expect and the actual parole that he could reasonably think was within his power to earn." *Bell v. United States,* 521 F.2d 713, 715 (4 Cir. 1975), *cert. denied* 424 U.S. 918, 96 S.Ct. 1121, 47 L.Ed.2d 324 (1976).

Therefore, we hold that appellant's pleas were not rendered involuntary by the trial court's failure to explain potential parole eligibility. Likewise, the similar omission by appellant's attorneys did not constitute error.

The decision on review must be affirmed.

AFFIRMED.