Patrick Russell WAYNE, Petitioner,

v.

Robert R. RAINES, et al., Respondents.

No. CIV 80–520 PHX VAC (MS).

United States District Court,
D. Arizona.

Sept. 22, 1981.

Charles L. Weninger, Tucson, Ariz., for petitioner.

Michael Jones, Asst. U. S. Atty., Phoenix, Ariz., for respondents.

## OPINION AND ORDER

CORDOVA, District Judge.

Patrick Russell Wayne, a prisoner at Arizona State Prison, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The Court will grant the petition on the conditions stated in this Opinion and Order.

## FACTS

Petitioner was charged by criminal information in four separate cases in the Superior Court of the State of Arizona, Maricopa County, with violations of A.R.S. §§ 13–641 and 13–643, robbery with a gun or deadly weapon. While represented by counsel petitioner entered into a plea agreement in which he agreed to plead guilty to the four armed robbery charges in return for which the State agreed not to allege petitioner's prior misdemeanor conviction for petty theft. The guilty pleas were entered before the court on June 24, 1975 and the prisoner was sentenced on September 8, 1975.

The petitioner was sentenced on four separate offenses. The first two sentences imposed were for a term of not less than five (5) years nor more than twenty (20) years, concurrent with each other. The remaining two sentences were for the same term, concurrent with each other, but consecutive to the first two sentences imposed. The effect was a total minimum sentence of ten (10) years imprisonment without possibility of parole, with a maximum of forty (40) years imprisonment.

Petitioner's habeas corpus petition to this Court alleges two grounds as constitutional error. First, petitioner claims that he was not advised of certain constitutional rights and certain sentencing conditions with the result that his pleas of guilty were unlawfully induced and not made voluntarily with an understanding of the nature of the charges and the consequences of the pleas. The second ground alleged is a claim of ineffective assistance of counsel.

The respondents filed a motion to dismiss which was considered in the Magistrate's thorough Recommendation and Supplement thereto. Petitioner then filed objections to the recommendation and supplement. On March 16, 1981, attorney Charles L. Weninger filed a notice of appearance to represent petitioner in this matter. Following oral argument on April 21, 1981 the Court denied the motion to dismiss.

After considering and accepting the Magistrate's conclusion that petitioner had exhausted his state remedies, the Court set an evidentiary hearing in order to determine the merits of the petition. At the September 11, 1981 hearing, oral argument was heard but the parties declined to present further evidence, stating that they would rely upon the state court record and the affidavits and other papers previously filed in this case.

## DISCUSSION

The primary issues in this matter stem from petitioner's claim that he was not advised that he would be ineligible for parole until he had served the minimum sentence imposed by the court. The record reflects that at the time the plea was accepted the trial court did not advise the petitioner that he was ineligible for parole during the service of his minimum term. Thus, the plea proceeding was not in full compliance with Rule 17.2(b)[1] of the Arizona Rules of Criminal Procedure.

---

1. Rule 17.2(b) provides:

    Before accepting a plea of guilty or no contest, the court shall address the defendant personally in open court, informing him of

    and determining that he understands the following:

    . . . . .

It appears, however, that a mere technical violation of Rule 17.2(b) will not give rise to collateral relief under the holding of *United States v. Timmreck*, 441 U.S. 780, 99 S.Ct. 2085, 60 L.Ed.2d 634 (1979). *Timmreck* was a § 2255 case concerning Rule 11 of the Federal Rules of Criminal Procedure, which is analogous to Ariz.R. Cr.P. 17.2. After noting that the petitioner did not argue that he was actually unaware of the special parole term or that if he had been properly advised by the trial judge, he would not have pleaded guilty, the *Timmreck* Court concluded that petitioner was only claiming a technical violation of Rule 11 which did not provide a basis for collateral relief. 441 U.S. at 784, 99 S.Ct. at 2087–88.

■ Petitioner in this case is raising more than a mere technical violation of Rule 17.2(b) since he has submitted a sworn affidavit that he had no knowledge of the parole limitation provisions of the armed robbery statute and that he would not have pleaded guilty had he known of these provisions. As a threshhold matter, however, the Court must determine whether petitioner's self-serving affidavit is acceptable as proof on these issues. It should be noted that the affidavit did not accompany the petition but was submitted only after counsel entered the case on behalf of petitioner. Moreover, one wonders why petitioner waited approximately five years before filing this federal petition raising the claim. There is also some confusion as to whether petitioner may have been advised by his trial counsel of his ineligibility for parole.[2] During the plea acceptance proceeding petitioner's counsel stated:

MR. SUSMAN: Your Honor, I would like the record to reflect that I have explained to the defendant that, as the law stands now, he does face a minimum of five years without probation. *There would be no probationary term until after that.* However, I also advised him that there is a case currently before the Arizona Supreme Court, from Judge Rozar's court, in which he has in fact granted probation on two of these cases and I wanted to make him aware of everything that was currently before this Court at this time. But, as it stands under the current law, I have explained to him that he does face a minimum of five years on each count.

(R.T. June 24, 1975, p. 12) (emphasis added).

In assessing this statement of petitioner's attorney, it seems likely that he meant to say "parole term" instead of "probationary term" because he was talking about the period following the service of the minimum five year term without probation. However, the exchange between the court and counsel from which the above statement is drawn relates entirely to whether petitioner was eligible for probation under the law, and the phrase in question is the only possible reference to parole at the time the pleas were accepted.[3] Under these circumstances, the Court is unable to conclude that petitioner would have understood this possible slip of the tongue as indicating to him that he would not be eligible for parole until he had served the minimum sentence imposed.

With respect to the fact that petitioner's affidavit was not filed until he was represented by counsel, the Court is unwilling to draw an adverse inference therefrom since petitioner filed a prior, albeit unsworn, statement at the time he was proceeding *pro se* to the effect that he was unaware of

(b) The nature and the range of possible sentence for the offense to which the plea is offered, including any special conditions regarding sentence, parole, or commutation imposed by statute.

2. Petitioner's trial attorney has signed an affidavit filed April 21, 1981 stating that at the present time he "has no specific recollection of advising Patrick R. Wayne that he was ineligible for suspension or commutation of sentence, pardon or parole until he had served the minimum sentence imposed."

3. Even though the court advised petitioner of the parole limitations at the time of sentencing, such advice is not relevant to petitioner's knowledge at the time he entered his pleas. *Cf. Munich v. United States*, 337 F.2d 356, 361 (9th Cir. 1964) (focus is on defendant's knowledge "at the time of entering a plea of guilty").

his parole ineligibility and that if he had been aware he would not have pleaded guilty. (Reply to Recommendation with Objections, Jan. 26, 1981, pp. 13–14). The Court also feels that it would be improper to penalize petitioner for not filing his petition sooner, partially because the record reveals that during most of the period from sentencing to the filing of this federal petition petitioner was involved in exhausting his state remedies. Thus, the Court accepts petitioner's affidavit filed June 8, 1981 as the only clear evidence bearing on his knowledge and state of mind at the time he entered his guilty pleas.

Petitioner's contentions that he did not know he was not entitled to parole and that his lack of knowledge materially affected his decision to plead guilty serve to remove this case from the parameters of *Timmreck, supra,* 441 U.S. 780, 99 S.Ct. 2085, 60 L.Ed.2d 634, and *Wacht v. Cardwell,* 604 F.2d 1245 (9th Cir. 1979). Therefore, this Court must face the issue that was not addressed in *Wacht,* "whether *Munich* [*Munich v. United States,* 337 F.2d 356 (9th Cir. 1964)] applies to state court proceedings." 604 F.2d at 1247 n.4. The *Wacht* court interpreted *Munich* as holding that "when a federal defendant enters a guilty plea and is not aware that he will be ineligible for parole, then the plea is not made with the necessary understanding of its consequences. 337 F.2d at 361." 604 F.2d at 1246. Thus, the narrow question before the Court is whether the constitution requires that the record of state court plea proceedings reveal that the defendant was informed of limitations on parole availability. This Court believes that it does.

■ The Supreme Court has stated that if a defendant's guilty plea is not knowing and voluntary, it has been obtained in violation of due process and is therefore void. *McCarthy v. United States,* 394 U.S. 459, 466, 89 S.Ct. 1166, 1171, 22 L.Ed.2d 418 (1969). Furthermore, in order for a court to accept a plea of guilty, there must be an affirmative showing that it was given voluntarily and intelligently, *Boykin v. Alabama,* 395 U.S. 238, 242, 89 S.Ct. 1709, 1711–12, 23 L.Ed.2d 274 (1960).

■ The federal courts in the context of Rule 11 proceedings have long distinguished between direct and collateral consequences of guilty pleas. A defendant must be informed of all direct consequences of his plea but need not necessarily be informed of collateral consequences. *See, e. g., United States v. King,* 618 F.2d 550 (9th Cir. 1980). As noted above, *Munich, supra,* 337 F.2d 356, decided that parole ineligibility is a direct consequence of a guilty plea. The rationale for treating parole ineligibility as a direct consequence was outlined in the Eighth Circuit case of *Moody v. United States,* 469 F.2d 705, 708 (8th Cir. 1972):

"The rationale underlying the view of the majority of the circuits is that a defendant, unaware at the time of entering a plea of guilty that he will be ineligible for probation or parole, does not plead with understanding of the consequences of the plea, since the nature of parole is so well understood that its availability may be regarded as assumed by the average defendant. *Durant v. United States,* 410 F.2d 689, 692 (1st Cir. 1969).

In almost every case, whether in state or federal court, it appears to the Court that the expectation of parole eligibility will be a major factor in a defendant's decision to plead guilty. As the court noted in *United States v. Smith,* 440 F.2d 521, 525 (7th Cir. 1971) (footnote omitted) (emphasis in original):

Ineligibility for parole automatically trebles the *mandatory* period of incarceration which an accused would receive under normal circumstances. It necessarily follows that it would have an effect on the expected length of detention and would have primary significance in an accused's determination of whether to plead guilty.

*See also, Harris v. United States,* 426 F.2d 99, 101 (6th Cir. 1970).

■ In light of this heavy reliance by a defendant on the reasonable assumption that parole will be available, this Court concludes that parole ineligibility is such a

significant direct consequence of a guilty plea that a state court must satisfy itself that the defendant has been informed of parole limitations affecting the sentence imposed before accepting a guilty plea. *See Bell v. North Carolina*, 576 F.2d 564, (4th Cir. 1978). Accordingly, the Court holds that since the trial court record does not reveal that petitioner was aware of the parole limitations provided in A.R.S. § 13–643, his guilty pleas were obtained in violation of due process and petitioner is entitled to habeas corpus relief.

The Court has considered petitioner's other claims and finds them without merit for the reasons stated in the Magistrate's recommendation.

IT IS THEREFORE ORDERED granting petitioner's petition for writ of habeas corpus. Respondents are hereby ordered to release the petitioner from custody unless the State institutes appropriate proceedings for the trial of petitioner within 60 days, or unless respondents file a notice of appeal within 30 days of the entry of this Opinion and Order.