**Patrick Russell WAYNE,
Petitioner-Appellee,**

v.

**Robert R. RAINES, et al.,
Respondents-Appellants.**

No. 81–5921.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted May 3, 1982.

Decided Oct. 18, 1982.

William J. Schafer, III, Asst. Atty. Gen., Phoenix, Ariz., for respondents-appellants.

Charles L. Weniger, Tucson, Ariz., for petitioner-appellee.

Before ANDERSON, SKOPIL and CANBY, Circuit Judges.

CANBY, Circuit Judge.

This is an appeal from a district court order granting Patrick Russell Wayne (petitioner), a state prisoner, habeas corpus relief pursuant to 28 U.S.C. § 2254. The district court held that petitioner's guilty pleas were obtained in violation of due process because the trial court record does not reveal that petitioner was aware of the parole limitations in the Arizona armed robbery statute under which he was charged. *Wayne v. Raines,* 522 F.Supp. 1083, 1087 (D.Ariz.1981). We conclude that petitioner has not shown that he was prejudiced by the state trial judge's failure to inform him of the applicable parole limitations and, therefore, he is not entitled to collateral relief. Accordingly, we vacate the district court's order granting relief.

## FACTS

Petitioner was charged with four separate offenses of armed robbery in violation of Ariz.Rev.Stat.Ann. § 13–641 (1956) (repealed 1978) and § 13–643 (West Supp. 1957–1978) (repealed 1978). At the time of the alleged offenses, the penalty for robbery committed with a gun or deadly weapon was imprisonment for a minimum of five years and a maximum of a life term. *Id.* § 13–643(B). Furthermore, a person convicted of robbery with a gun was not eligible for parole until he had served the minimum sentence imposed. *Id.* Petitioner initially entered pleas of not guilty to all four charges. On June 24, 1975, acting with advice of counsel and pursuant to a plea agreement, petitioner entered pleas of guilty to four charges of armed robbery with a gun. The record of the plea proceeding reveals that the state trial judge clearly advised the petitioner that in each of the four cases the minimum sentence would be five years imprisonment with a maximum of a life term and that he therefore might receive as much as four consecutive life terms. The trial judge, however, failed to inform petitioner of the applicable parole limitations.

On September 8, 1975, petitioner was sentenced on the four separate offenses. On each of the first two offenses petitioner was sentenced to a prison term of no less than five nor more than twenty years. Those sentences were to run concurrently. On the remaining two offenses petitioner was sentenced to concurrent prison terms of not less than five nor more than twenty years. The second set of sentences was to run consecutively to the first two sentences. On April 13, 1979, the first two sentences were reduced to terms of not less than five years nor more than eleven years. In all other respects, the prior sentences were affirmed. In' sum, petitioner was sentenced to a total minimum sentence of ten years imprisonment without possibility of parole, with a maximum of thirty-one years imprisonment.

On July 1, 1980, after exhausting his state remedies, petitioner filed a petition for writ of habeas corpus, pursuant to 28 U.S.C. § 2254. Petitioner asserted that his guilty pleas were not voluntarily or intelligently made and that he was denied effective assistance of counsel. The district court granted petitioner's petition on the ground that the state proceeding in which petitioner's plea was accepted did not comport with due process. The district court concluded that petitioner's remaining claims were without merit. *Wayne v. Raines,* 522 F.Supp. at 1087. This appeal followed.

## DISCUSSION

It is undisputed that the state trial judge never explicitly advised the petitioner that he would be ineligible for parole during the period of his minimum term. Thus, petitioner's plea acceptance proceeding did not fully comply with Arizona Rule of Criminal Procedure 17.2(b). That rule provides:

> Before accepting a plea of guilty or no contest, the court shall address the defendant personally in open court, informing him of and determining that he understood the following:
>
>     *      *      *      *      *      *
>
>   b. The nature and range of possible sentence for the offense to which the plea is offered, including any special condi-

tions regarding sentence, parole, or commutation imposed by statute.

■ We must determine, however, whether petitioner has shown more than a technical violation of this state rule of criminal procedure. A mere showing that the state trial judge did not expressly comply with the formal requirement that a defendant be informed of any special conditions regarding parole is insufficient to support a claim for collateral relief. *See United States v. Timmreck,* 441 U.S. 780, 783–85, 99 S.Ct. 2085, 2087, 2088, 60 L.Ed.2d 634 (1979); *Wacht v. Cardwell,* 604 F.2d 1245, 1247 (9th Cir. 1979). A petitioner must show that he was prejudiced or that his rights were affected by the omission by the state trial judge. *Wacht,* 604 F.2d at 1247.

■ Unlike the petitioners in *Timmreck,* 441 U.S. at 784, 99 S.Ct. at 2087–2088, and *Wacht,* 604 F.2d at 1247, petitioner does allege that at the time of his guilty plea he was actually unaware of the special parole limitations and that if he had been properly advised by the trial judge he would not have plead guilty. Despite these allegations, the record of the plea proceeding refutes any claims of prejudice. After the trial judge explored in great detail the factual basis for the guilty plea, the following colloquy took place:

Q. ... [T]he law provides that in each case that if you are sentenced, the most to which you may be sentenced is a life term in each case. The least to which you may be sentenced is five years in each case. Do you understand that those are the minimum and maximums?

A. Yes.

Q. Now, you have four counts, so it's possible that you would be sentenced to four life terms, one sentence to run right after the other. You know that, don't you?

A. Yes.

Q. Likewise, on the minimum end of it, it's possible that you would be sentenced to five years on each count, one to run right after the other, which if my math is right, is 20 years. You know that, don't you?

A. Yes, yes.

ER 12. The court then inquired whether probation was available, and petitioner's attorney made the following statement:

MR. SUSMAN: Your Honor, I would like the record to reflect that I have explained to the defendant that, as the law stands now, he does face a minimum of five years without probation. There would be no probationary term until after that. However, I also advised him that there is a case currently pending before the Arizona Supreme Court, from Judge Rozar's court, in which he has in fact been granted probation on two of these cases and I wanted to make him aware of everything that was currently before this Court at this time. But, as it stands under the current law, I have explained to him that he does face a minimum of five years on each count.

ER at 13. It is true, as the district court pointed out, that petitioner's counsel seemed to be using the phrase "probationary term" when he meant parole.[1] The district court held that petitioner could not be expected to know that his counsel was misspeaking. In our view, however, the exchange between the court and petitioner, followed by the statement of petitioner's counsel, establishes that petitioner was adequately warned that an effect of his plea under the law then applicable was to subject him to a minimum of five years actually to be spent in prison for each offense.[2] Because the information regarding the minimum term of confinement was conveyed to

1. Petitioner's counsel submitted an affidavit to the district court stating that he had no specific recollection of advising petitioner that he was ineligible for parole until he had served the minimum sentence.

2. In imposing sentence, the state trial court expressly pointed out that the statute required

that the minimum five-year term be served for each offense before petitioner was eligible for parole or other release. Petitioner, who was represented by counsel at sentencing, made no motion to withdraw his plea at that time and otherwise noted no objection.

petitioner, the trial court's failure to fulfill the explicit requirements of Arizona Rule of Criminal Procedure 17.2(b) is not enough to invalidate the plea or sentence.[3] *See Wacht v. Cardwell,* 604 F.2d 1245 (9th Cir. 1979); *United States v. Hamilton,* 568 F.2d 1302, 1306 (9th Cir.) *cert. denied,* 436 U.S. 944, 98 S.Ct. 2846, 56 L.Ed.2d 785 (1978); *see also United States v. Timmreck,* 441 U.S. at 785, 99 S.Ct. at 2088; *Hill v. United States,* 368 U.S. 424, 429, 82 S.Ct. 468, 471–472, 7 L.Ed.2d 417 (1962).

The order of the district court is vacated and the case is remanded with instructions to dismiss the petition.

## J. BLAINE ANDERSON, Circuit Judge, concurring:

I concur in Judge Canby's opinion. This is written only to emphasize the thoughtful and thorough discussion of the state court trial judge with petitioner and his trial counsel at the change of plea hearing and at sentencing.

Additional facts, not disputed, nor could they be, include: the petitioner, upon advice of counsel, executed a written plea agreement and the trial judge discussed it with petitioner and petitioner was fur-

nished a copy; at a thorough sentencing hearing, the minimum of five years was emphasized several times, and at one point the trial judge stated, "I wish to make it very clear, that you serve the five-year mandatory on each of the concurrent, but a ten-year total. . . ." Immediately thereafter, and once again, the trial judge asked both petitioner and his counsel whether there were any further matters or questions. Each replied in the negative. As pointed out by Judge Canby, there was no motion to withdraw the guilty pleas, nor was there any expression of surprise or dismay.

Furthermore, the record is sufficiently clear that petitioner's trial counsel discharged his duties and obligations as defense counsel to advise the petitioner of the sentencing potentials and alternatives. In spite of petitioner's conclusory affidavit, the trial court record of the plea and sentencing hearings, read in a realistic and commonsense perspective, leads me to conclude that there was probably not even a "technical" violation. At most there could be only a speculative doubt with regard to petitioner's understanding.

---

**3.** Our ground of decision makes it unnecessary for us to reach the question whether due process would have been violated had petitioner not been advised by the state court that he would be statutorily ineligible for parole during the minimum term established by statute. In *Munich v. United States,* 337 F.2d 356 (9th Cir. 1964), *overruled on other grounds, Heiden v. United States,* 353 F.2d 53 (9th Cir. 1966), this court held that a federal defendant "who, at the time of entering a plea of guilty, is not aware of the fact that he will not be eligible for probation or parole, does not plead with understanding of the consequences of such a plea." *Id.* at 361 (footnote omitted). *Munich,* however, was applying Rule 11, Fed.R.Crim.P., in the form in which it existed in 1964. At that time the rules simply required that the court determine that the plea was made "voluntarily with understanding of the nature of the charge." *Munich* interpreted that requirement to include a determination that the defendant understood, *inter alia,* the consequences of pleading guilty to the charge. That requirement was subsequently codified in the 1966 amendments to the Rule.

However, in 1974 the Rule was again amended. The "consequences of his plea" language was

stricken and the courts were required to advise defendants of "the mandatory minimum penalty provided by law, if any, and the maximum possible penalty provided by law." One reason for the change was to eliminate the requirement that an accused be advised of parole eligibility. Notes of Advisory Committee on Rules, *reprinted in* 18 U.S.C.A. Fed.R.Crim.P. 11, at p. 22. *See Hunter v. Fogg,* 616 F.2d 55, 60–61 (2d Cir. 1980); *Johnson v. United States,* 650 F.2d 1, 4 (1st Cir. 1981). We also note that the requirements of Rule 11 (upon which *Timmreck's* requirement of prejudice has necessarily been grafted) do not inevitably amount to constitutional commands applicable to the states. *See Wacht v. Cardwell,* 604 F.2d at 1247 n.4; *Gilmore v. California,* 419 F.2d 379 (9th Cir. 1969), *cert. denied,* 397 U.S. 1078, 90 S.Ct. 1529, 25 L.Ed.2d 813 (1970). We express no opinion on the question whether and in what circumstances the Constitution requires that a state defendant be made aware of a statutorily imposed minimum period of confinement in order for his plea of guilty to be valid. *See, e.g., Hunter v. Fogg,* 616 F.2d 55, 61 (2nd Cir. 1980); *Armstrong v. Egeler,* 563 F.2d 796 (6th Cir. 1977).