UNITED STATES of America

v.

Carole Ann LOTT.

Crim. No. 84–10–NN.

United States District Court,
E.D. Virginia,
Newport News Division.

Feb. 4, 1986.

Robert J. Seidel, Jr., Asst. U.S. Atty., Norfolk, Va., for plaintiffs.

Stephen C. Miller, Newport News, Va., for defendants.

## ORDER

CLARKE, District Judge.

The petitioner, Carole Ann Lott, has filed this motion pursuant to 28 U.S.C. § 2255 to vacate a plea of guilty entered on January 24, 1985.

Following consultation with her attorney, petitioner agreed to plead guilty to five counts under the False Statements and False Claims Act, 18 U.S.C. § 1001 and § 287. The charges arose from misrepresentations made by petitioner during her four years of employment as a nurse at the Veteran's Administration Medical Center in Hampton, Virginia. Petitioner had represented to the medical center that she was trained and licensed in the profession of nursing. While there is some dispute as to the extent of informal training she may have received in her past, it is clear that she has never been registered or licensed to practice as a nurse in Virginia. Her continued deception over four years led to an increasing number of false statements and misrepresentations for which she was indicted on seventeen counts.

Petitioner pled guilty to five counts of the indictment which carried a possible maximum penalty of twenty-five years imprisonment, a fine of $50,000 or both. The petitioner was advised that the Court could, in its discretion, sentence her to the maximum penalty. Indeed, the Court imposed five years on each count; however, all counts were to run concurrently. Petitioner was not fined but was required to reimburse the United States for the wages she received while employed at the medical center in the amount of $106,698.84.

The petitioner now seeks to invalidate the guilty plea as involuntary on two grounds. First, petitioner alleges that she was never advised before accepting the plea that she would be required to pay restitution. She submits that because restitution was not within the terms of the plea agreement and was not mentioned during the proceedings before the Court, it is a condition which cannot be imposed upon her without vacating the guilty plea. Secondly, petitioner alleges that her attorney, Stephen C. Miller, provided ineffective legal assistance by failing to investigate charges, interview witnesses, or review defense options with his client.

■ A valid plea of guilty requires that the defendant be made aware of all direct consequences of her plea. Without such an understanding, the defendant cannot be said to have voluntarily and intelligently entered the plea. *See Wade v. Coiner*, 468 F.2d 1059 (4th Cir.1972). However, a defendant need not be advised of every possible *collateral* consequence which might flow from a conviction. *Cuthrell v. Director, Patuxent Institution*, 475 F.2d 1364 (4th Cir.1973). Thus, the immediate issue before the Court today is whether reimbursement of wages obtained through the violation of federal law is a direct or collateral consequence of the petitioner's plea of guilty.

■ In determining whether a consequence is direct or collateral, the Court must engage in two inquiries. First, the Court must consider whether the consequences imposed are a definite, immediate, and largely automatic result of the guilty plea. *See Cuthrell, supra* (possibility that defendant would be committed to mental institution not direct because separate civil proceeding necessary); *Hutchison v. United States*, 450 F.2d 930 (10th Cir.1971) (loss of "good time" credits collateral because cannot be deprived without subsequent revocation hearing).

Secondly, the Court must determine whether disclosure of the consequence to the defendant would have reasonably affected her decision to plead guilty. In *Bryant v. Cherry*, 687 F.2d 48 (4th Cir. 1982), the defendant entered into a plea agreement knowing that the state would recommend he serve two consecutive life sentences. He later petitioned for a writ of habeas corpus on the grounds that he was ignorant of the fact that one of the counts for which he was convicted carried a minimum prison sentence of seven years. Finding that knowledge of the minimum sentence could not reasonably have affected defendant's voluntary decision to enter a guilty plea, the Court denied the petition.

Similarly, in *Bell v. State of North Carolina*, 576 F.2d 564 (4th Cir.1978), defendant was unaware that, upon pleading guilty to two counts of second degree murder, he would have to serve a minimum sentence of

twenty years before becoming eligible for parole. The Court conceded that a defendant must be informed where a crime carries a sentence without parole. *See Paige v. United States,* 443 F.2d 781 (4th Cir.1971). Under the circumstances of the *Bell* case, however, the Court found that the defendant could not reasonably have expected to serve less than twenty years before becoming eligible for release. Thus, the fact that the defendant had not been told of his parole ineligibility would not render his plea involuntary.

■ · In light of the rulings in *Cuthrell, Bell* and *Bryant,* this Court finds that the reimbursement requirement was a direct consequence and petitioner should have been advised of her obligation to reimburse the government before she was permitted to enter her plea. The majority of the cases discussed in which the consequences were found to be collateral involved proceedings other than the criminal hearing or the exercise of discretion beyond that of the court. *See, e.g., United States v. Holton,* 228 F.2d 827 (7th Cir.1956) (guilty plea subjecting defendant to subsequent deportation proceeding not involuntary). In the present instance, however, the petitioner was directly ordered by this Court to pay restitution. The obligation was an automatic result of the conviction in that there was no subsequent determination in a civil proceeding of the degree or amount of petitioner's liability. In contrast to other holdings, the result was not merely possible, or even quite probable, but was absolutely part and parcel to the sentence itself.

Further, the petitioner avers that she would not have agreed to plead guilty if she had been aware that she would be required to make restitution. Although similar sentiments could be expected from almost anyone in the petitioner's present situation, the Court finds her statement credible in light of her belief that the work she performed at the medical center was "worth something." (*See* Sentencing Proceedings, Tr. at 45). Considering also the large amount of money involved, it is conceivable that the petitioner would have decided against pleading guilty had she known the Court could order reimburse-

ment. The facts here are distinguishable from *Bryant* and *Bell, supra,* because the petitioner acted reasonably in failing to anticipate that such a sentence would be imposed.

Although we find that petitioner did not plead guilty with knowledge of all direct consequences, we also find that she failed to object to the voluntariness of her guilty plea in a timely manner. *See United States v. Walsh,* 733 F.2d 31, 34 (6th Cir. 1984). Not only did petitioner fail to voice firm objections to reimbursement during sentencing (*See* Sentencing Proceedings, Tr. 43–44), but also failed to raise the matter on appeal. She alleges that these mistakes and omissions were the fault of her attorney, Stephen C. Miller. Notably, Mr. Miller had taken ill at this point and was assisted, if not succeeded, by Edward C. Newton. Regardless of which attorney is alleged to have erred, if either in fact erred, the Court is of the view that the failure to object to the restitution order could have been prejudicial to petitioner's rights. Because a defendant should be advised of all direct consequences of a guilty plea, an objection or an appeal on this basis may have been successful.

Accordingly, the portion of petitioner's sentence in which the Court ordered Carole Ann Lott to reimburse the United States government in the amount of $106,698.84 must be vacated. In separating the restitution order from the prison sentence, the Court avoids retrial and reduces any oversight on the part of counsel to harmless error. *See Strader v. Garrison,* 611 F.2d 61 (4th Cir.1979) (where defendant pled guilty due to his counsel's misinformation, federal court advised reducing the sentence to avoid issuance of habeas writ or retrial); *Evans v. Garrison,* 657 F.2d 64 (4th Cir. 1981) (illegal imposition of restitution could be corrected by striking the condition). The guilty plea need not be withdrawn since petitioner's sentence is now in accord with her expectations.

■ The Court now turns to petitioner's claim of ineffective counsel which she brings as separate grounds for setting aside the guilty plea. Petitioner asserts

that her attorney, Mr. Miller, interviewed no witnesses, conducted no investigation, and failed to meet with her more than two times. Rather than discuss a defense strategy with petitioner, Mr. Miller allegedly did no more than secure a plea agreement and inform her of that option. Moreover, petitioner complains that had her attorney not been ill and unable to participate in the sentencing proceeding, she might have avoided the restitution imposed upon her. Having ruled on the restitution issue, the Court need consider only the remaining grounds of counsel's failure to adequately investigate and discuss the case with petitioner.

The Court finds no merit to petitioner's allegations. On January 24, 1985, she testified before this Court that she had had sufficient opportunity to discuss the plea agreement with her attorney. She stated under oath that Mr. Miller had explained the agreement to her (*See* Plea of Guilty, Tr. at 33) and that the decision to plead guilty was voluntarily made after full consultation with her attorney (*See* Plea of Guilty, Tr. at 32).

Representations of a defendant at a plea of guilty hearing constitute a formidable barrier in subsequent collateral proceedings. *Blackledge v. Allison*, 431 U.S. 63, 97 S.Ct. 1621, 52 L.Ed.2d 136 (1977). Petitioner cannot now be heard to say that her attorney failed to meet with her often enough or that she did not wilfully consent to pleading guilty rather than stand trial. Furthermore, her allegations of Mr. Miller's failure to investigate or question witnesses are not consistent with her prior agreement under oath to the United States Attorney's recitation of the facts. (*See* Plea of Guilty, Tr. 50–51). Petitioner did not at the time of the guilty plea contend that her knowledge of the facts of the case was insufficient. She has alleged no misunderstanding, duress, or misrepresentation other than being unaware of the possibility that restitution might be imposed.

By seeking to withdraw her guilty plea, petitioner now appears to wish for a trial by jury despite the fact that this Court informed her of the waiver of certain constitutional rights which a plea of guilty

necessarily invokes. (*See* Plea of Guilty, Tr. 31–32). We refuse to burden the government with the task of rebuilding its case against petitioner on the basis of conclusory allegations unsupported by the evidence.

In accordance with the Court's findings herein, we VACATE the May 8, 1985 sentence imposed upon Carole Ann Lott only to the extent that she was ordered to reimburse the United States government in the amount of $106,698.84. The vacating of the restitution order is without prejudice to the government's right to proceed against petitioner in a civil action for the amount allegedly owed. Further, finding no attorney error which was harmful or prejudicial, we DENY the petition for a writ of habeas corpus.

IT IS SO ORDERED.