**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

MICHAEL DWAYNE BROWN,
Plaintiff-Appellant,

v.                                                                    No. 98-7726

RONALD ANGELONE,
Defendant-Appellee.

Appeal from the United States District Court
for the Eastern District of Virginia, at Alexandria.
Albert V. Bryan, Jr., Senior District Judge.
(CA-96-972-AM)

Submitted: March 20, 2000

Decided: March 30, 2000

Before WILLIAMS, TRAXLER, and KING, Circuit Judges.

_____

Dismissed by unpublished per curiam opinion.

_____

**COUNSEL**

Michael Dwayne Brown, Appellant Pro Se. Pamela Anne Rumpz,
OFFICE OF THE ATTORNEY GENERAL OF VIRGINIA, Rich-
mond, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Michael Dwayne Brown appeals the district court's order denying his 28 U.S.C.A. § 2254 (West 1994 & Supp. 1999) petition. On September 21, 1992, Brown pleaded guilty and was convicted in Stafford County, Virginia of robbery and use of a firearm in the commission of a felony. In his § 2254 petition, Brown asserted that counsel was ineffective because he failed to inform Brown that he would be ineligible for parole under Virginia's "three strikes" rule if he pleaded guilty. See Va. Code Ann. § 53.1-151B1 (Michie 1998). Furthermore, Brown claimed that his guilty plea was involuntary because he was not advised that parole ineligibility would result from his plea. Finding Brown's arguments to be without merit, we dismiss the appeal.

The statute provides that "[a]ny person convicted of three separate felony offenses of . . . (iii) robbery by the presenting of firearms or other deadly weapon . . . when such offenses were not part of a common act, transaction or scheme shall not be eligible for parole." Va. Code Ann. § 53.1-151B1. According to an unrefuted affidavit submitted by a Virginia Department of Corrections official, Brown had numerous previous convictions for armed robbery. On October 18, 1991, he was convicted in Spotsylvania County, Virginia of two counts of robbery, one count of attempted robbery, and one count of use of a firearm in the commission of a robbery. These offenses counted as one strike under the statute. On October 29, 1991, Brown was convicted in Mecklenburg County, Virginia of two counts of robbery and one count of use of a firearm in the commission of a felony. According to the affidavit, these convictions resulted in two more strikes. On February 6, 1992, Brown was convicted in Chesterfield County, Virginia, of two counts of robbery and two counts of use of a firearm in the commission of a felony. These convictions added two more strikes. Therefore, by the time Brown pleaded guilty to the charges in Stafford County, he already was statutorily parole-ineligible.

A plea of guilty is involuntary if the defendant is not advised that parole ineligibility will result as a direct consequence of his plea. See Bell v. North Carolina, 576 F.2d 564, 565 (4th Cir. 1978). Here, how-

2

ever, because Brown was parole-ineligible before he pleaded guilty to the Stafford County charges, parole ineligibility was not a direct consequence of his guilty plea in that jurisdiction.

To prevail on a claim of ineffective assistance of counsel in connection with a guilty plea, the petitioner must first show that counsel's performance was objectively unreasonable. Second, the petitioner must demonstrate prejudice flowing from counsel's error. See Hill v. Lockhart, 474 U.S. 52, 57-59 (1985). To establish prejudice, he must show that, but for counsel's error, "there is a reasonable probability that . . . he would not have pleaded guilty and would have insisted on going to trial." Id. at 59. In this case, Brown is unable to satisfy the prejudice prong of the Hill test. He was already parole-ineligible when he pleaded guilty in Stafford County; therefore, any failure to inform him of the three strikes rule or any other misadvice concerning parole eligibility could not have influenced his decision to plead guilty.

We therefore deny a certificate of appealability and dismiss the appeal. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

DISMISSED