
**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| TONY SCOTT GRANTHAM, | No. 09-56189 |
| Petitioner - Appellant, | D.C. No. 2:07-cv-01243-DSF-RZ |
| v. | |
| AREF FAKHOURY, Warden, | MEMORANDUM[*] |
| Respondent - Appellee. | |

Appeal from the United States District Court
for the Central District of California
Dale S. Fisher, District Judge, Presiding

Submitted February 15, 2012[**]
Pasadena, California

Before:    FARRIS and W. FLETCHER, Circuit Judges, and KORMAN,
Senior District Judge.[***]

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes that this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]    The Honorable Edward R. Korman, Senior United States District Judge for the Eastern District of New York, sitting by designation.

Tony Scott Grantham appeals from the denial of his petition for a writ of habeas corpus. The petition arises out of Grantham's plea of no contest to first-degree burglary. In the course of his plea, he admitted that he had a prior felony conviction that qualified as a "strike" under California Penal Code section 667, subdivisions (b)-(i). On the day of his plea, Grantham was sentenced to an agreed-upon sentence of twelve years.

Grantham argues that, under California law, the maximum term of imprisonment that could have been imposed based on his plea of guilty was four years, which, when doubled based on his prior conviction, would have justified a sentence of eight years. Consistent with the holding of the Supreme Court in *Cunningham v. California*, 549 U.S. 270 (2007), Grantham claims that the only way his sentence could have been increased from four years to six years (and doubled to twelve years) was a finding of aggravating circumstances, which could only have been made by a jury. Thus, Grantham argues, before he entered his plea of guilty, he should have been advised that he was waiving his right to a jury determination of this issue.

This defect in the plea allocution does not entitle Grantham to habeas corpus relief. The record clearly reflects that Grantham pled guilty to an agreed-upon sentence of twelve years because the offense to which he pled was actually his third

2

felony (or third strike). The consideration for his plea was the agreement of the prosecutor to drop the third strike, which would have subjected him to a mandatory minimum sentence of twenty-five years to life. Calif. Penal Code § 667(b)-(i). Under these circumstances, it is inconceivable that Grantham would not have pled guilty if he had been advised that he was waiving his right to have a jury determine whether there was a sufficient aggravating circumstance to justify increasing the maximum sentence from four to six years before doubling it. Indeed, because this was an agreed-upon sentence, the judge did not make any such finding and proceeded to sentence Grantham immediately after the plea, although the fact that this was Grantham's third felony would have provided the basis for a finding of aggravating circumstances.

Grantham argues that, "[w]hile there were two strike priors alleged against [him], the record does not provide any indication that the dismissed prior conviction allegation would have been found true." Consequently, he argues that he "would have received a lower sentence if he had not accepted the plea," and "there is . . . a reasonable probability that [he] would have rejected that plea if he had been properly advised of his constitutional rights." This argument is without merit. While "the record does not provide any indication that the dismissed prior conviction allegation [or third strike] would have been found true," Grantham and his attorney were aware

3

of the nature of that charge, and Grantham chose not to litigate the issue. Instead, he chose to avoid the likelihood of a twenty-five-year to life sentence by accepting the agreed-upon sentence of twelve years.

More significantly, the written plea agreement that Grantham signed affirmatively acknowledged his awareness of the very rights he claimed he was not advised of at his plea. Indeed, it contained the following explicit waiver:

> I hereby waive and give up, for all of the charges against me, *including any prior convictions*, special allegations or enhancements, *my right to a jury trial . . . .* (emphasis added)

Grantham argues that, at the time of the plea, California did not afford a defendant the right to a jury trial or require proof beyond a reasonable doubt as to the aggravating factors supporting an upper-term sentence, and that this somehow undermines the significance of his acknowledgment and waiver. The significance of the waiver, however, does not turn on any procedure that California may have had in place at the time of the plea. Instead, it provides compelling evidence that a jury determination of the existence of aggravating circumstances was not of any consequence to him.

We add these brief words regarding the harmless error standard applicable here. In *Henderson v. Morgan*, 426 U.S. 637 (1976), the Supreme Court applied a "harmless beyond a reasonable doubt" standard to a claim of an alleged error of

constitutional dimension in a plea allocution.  *Id.* at 647; *see also Renzi v. Warden, U.S. Penitentiary*, 792 F.2d 311, 314-15 (2d Cir. 1986).  Subsequently, in *Brecht v. Abrahamson*, 507 U.S. 619 (1993), the Supreme Court held that the harmless error standard on habeas review is whether it "had [a] substantial and injurious effect or influence in determining the jury's verdict."  *Id.* at 623 (internal quotations and citation omitted).  A comparable standard is applicable to errors in a plea allocution.  *See, e.g.*, *Ruelas v. Wolfenbarger*, 580 F.3d 403, 410-13 (6th Cir. 2009); *cf. United States v. Timmreck*, 441 U.S. 780, 784 (1979) (holding that a non-constitutional defect in a plea allocution justifies habeas corpus relief only if the error resulted in "a 'complete miscarriage of justice' or in a proceeding 'inconsistent with the rudimentary demands of fair procedure.'"); *see also Wayne v. Raines*, 690 F.2d 685 (9th Cir. 1982).  Under any standard, however, the error here was harmless.

**AFFIRMED.**